RIZVI, Appellant,

v.

STATE MEDICAL BOARD OF OHIO, Appellee.

[Cite as *Rizvi v. State Med. Bd. of Ohio* (2000), 138 Ohio App.3d 682.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–1136.

Decided July 25, 2000.

*Kevin P. Byers Co., L.P.A.,* and *Kevin P. Byers,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Rebecca J. Albers,* Assistant Attorney General, for appellee.

JOHN W. McCORMAC, Judge.

Appellant, Hil Rizvi, M.D., appeals the judgment of the Franklin County Court of Common Pleas affirming the order of appellee, the State Medical Board of Ohio ("board"), which denied his application for an Ohio medical license.

Appellant asserts the following assignments of error:

"I.   First Assignment of Error: The trial court abused its discretion and erred to appellant's prejudice when it refused to weigh the evidence presented to the board hearing examiner.

"II.   Second Assignment of Error: The trial court abused its discretion and erred to appellant's prejudice when it admitted an affidavit which did not constitute 'newly discovered evidence.'

"III.   Third Assignment of Error: The trial court abused its discretion and erred to appellant's prejudice when it found the order of the State Medical Board of Ohio supported by reliable, probative, and substantial evidence.

"IV. Fourth Assignment of Error: The trial court abused its discretion and erred to appellant's prejudice when it found the order of the State Medical Board of Ohio in accordance with law."

Appellant was notified by letter dated March 11, 1998, that the board proposed to deny his application for a certificate to practice medicine and surgery in Ohio based upon four violations of R.C. Chapter 4731. Specifically, the board charged appellant with publishing a false, fraudulent, deceptive, or misleading statement, R.C. 4731.22(B)(5), and failure to furnish satisfactory proof of good moral character, R.C. 4731.29 and 4731.08. In addition, the board charged appellant with "fraud, misrepresentation, or deception in applying for or securing any license or certificate issued by the board." R.C. 4731.22(A). The charges were based upon appellant's answers to questions on his application for licensure filed with the board, answers to questions on his application for licensure in Utah, and his representations and conduct at Western Reserve Care System Pediatric Emergency Center.

The charges were litigated before a hearing officer of the board who issued a comprehensive report accurately summarizing all of the evidence presented, following which she made findings of fact and conclusions of law with a proposed order that the application of appellant for a certificate to practice medicine and surgery in Ohio be denied.

An appeal was taken to the board resulting in an order, as recommended by the hearing officer, that the application of appellant be denied.

Upon appeal to the Franklin County Court of Common Pleas, the court found that the board's order was supported by reliable, probative, and substantial evidence, and is in accordance with law and, thus, affirmed the order of the board.

In reviewing an order of the State Medical Board, the common pleas court is bound to uphold the order if that order is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12; *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750–751; *State Med. Bd. of Ohio v. Murray* (1993), 66 Ohio St.3d 527, 533, 613 N.E.2d 636, 640–641. When an appeal is taken from the judgment of the common pleas court, the role of the court of appeals is more limited than that of the trial court. Our role is to determine if the trial court has abused its discretion in its review of the evidence. *Pons* at 621, 614 N.E.2d at 750–751. Absent an abuse of discretion, the court of appeals may not substitute its judgment for that of the medical board or the trial court on the issues of fact.

In his first assignment of error, appellant contends that the trial court abused its discretion and erred to appellant's prejudice when it refused to weigh the evidence presented to the board hearing examiner. His third assignment of

error is combined for discussion as it relates to the same issue: Whether the board's order was supported by reliable, probative and substantial evidence.

The common pleas court did consider the evidence in arriving at the judgment that it entered affirming the order of the board. The court gave a rational explanation of its reasons for finding that there was reliable, probative, and substantial evidence supporting the board's findings of the violations with which appellant was charged. The record shows that the determinations of fact primarily depended upon the credibility of witnesses. For example, four board witnesses firmly testified that appellant had falsely represented himself to be an internal medicine resident at St. Elizabeth's when he sought permission to do a rotation at Western Reserve Care System in the pediatric emergency room. While appellant testified that he told them that he was a former resident, that was a dispute of fact to be resolved by the board and its hearing officer who had an opportunity to observe the witnesses as they testified. There is no basis for the common pleas court or this court to make a contrary finding. Thus, the common pleas court did not abuse its discretion and we may not substitute our judgment for that of the medical board or the trial court on the issues of fact which provided the predicate for all of the violations found by the board. Appellant's testimony and rationalizations were not found to be credible. In this appeal, appellant seeks, once again, for us to resolve factual conflicts favorably to him, rehashing the same arguments about credibility that were presented to both the board and the common pleas court.

Although not pertinent as a defense to the charged violations, the witnesses were virtually unanimous in testifying that appellant's moral character was otherwise good and that he is a hard working, dedicated physician.

Appellant's first assignment of error is overruled, as is his third assignment of error.

■ Appellant secondly contends that the trial court abused its discretion when it admitted an affidavit which did not constitute "newly discovered evidence." This assignment of error concerns the issue raised by appellant after the hearing, which asserted that the board had failed to act on his application in a timely manner, relying upon a provision of the board's rules set forth in Ohio Adm.Code 4731–6–21(E), which reads as follows:

"(E) If an endorsement application is incomplete, the board shall notify the applicant in writing by certified mail within thirty days of any information required to complete the application. The board shall issue its certificate within sixty days of the receipt of a completed endorsement application unless:

"(1) The board has issued a proposed denial; or

"(2) The applicant is under investigation for violation of section 4731.22 of the Revised Code. That investigation must be completed within ninety days, unless:

"(a) The time limit is extended by written consent of the applicant; or

"(b) The board has determined that a substantial question of violation exists and notice has been provided to the applicant."

The state's affidavit filed with the common pleas court sworn to by Penny E. Grubb, Chief of Licensure, was that appellant's application was received on September 23, 1996, and was reviewed and found to be incomplete. She attests that the board records reflect that an incomplete letter was sent to appellant three days later, on September 26, 1996, including a notification to him that the affidavit and release of applicant he had submitted were not notarized. Appellant does not contest the fact that this letter was sent or that the application was incomplete as originally submitted; however, even by the board's affidavit, the sufficiency was corrected on October 24, 1996, triggering the sixty-day and ninety-day periods contained in Ohio Adm.Code 4731–6–21(E). We find no abuse of discretion in considering the affidavit. In any event, it constituted harmless error because the board's obligations simply commenced October 24, 1996, posing the same problem about failure to comply with its rules and the consequences. Appellant's second assignment of error is overruled.

■ The applicant was under investigation for violation of R.C. 4731.22, and the rule provides that an investigation must be completed within ninety days unless the time limit is extended by written consent of the applicant or the board has determined that a substantial question of violation exists and notice has been provided to the applicant.

The application was complete on October 24, 1996, and the board gave no notice that a substantial question of violation exists which would extend the ninety-day period for completion of investigation.

The board argues that this provision is directory rather than mandatory, comparing it to the requirement that a hearing officer shall issue a report and recommendation to the board within thirty days of the close of the hearing which has been held to be directory; however, the consequences of that violation contained in R.C. 4731.23(A) are not stated in the statute, even though the statute is worded in a mandatory manner. The fact that the language of the rule states that something *shall* be done, *i.e.*, in this case a certificate issued, is not absolutely controlling. However, Ohio Adm.Code 4731–6–21(E) states that the certificate shall be issued within sixty days of receipt of a completed application. There was no action upon appellant's application for a license to practice medicine and surgery in Ohio until March 11, 1998, more than sixteen months after his

application was completed. That was a proposed denial that to stop the running of the sixty-day period must have been issued within that time.

If a proposed denial was not timely issued, the time may be extended if the applicant is under investigation for violation of R.C. 4731.22, but that investigation *must* be completed within ninety days unless the board has determined that a substantial question of violation exists and notice has been provided to the applicant. The board did nothing to alleviate its burden of completing the investigation within ninety days which triggers, if mandatory, the issuance of a certificate to applicant.

The rule provides a simple method for avoiding the consequences of failure to complete the investigation within ninety days by merely requiring that notice be given to the applicant that a substantial question of violation has occurred, which is being investigated. This situation is much more comparable to the consequences of a violation of the speedy trial statutes, which prohibit pursuing a criminal charge against a defendant if the time periods have elapsed without the time having been properly extended. See R.C. 2945.71 and 2945.72.

The board seeks to argue that investigations may be complex and time-consuming, and a delay in granting the license may result. This statement is true, but the board may not ignore its requirement to notify the applicant of that fact in violation of its own rules. The applicant for a medical license has important rights at stake also, and the board's rule is balanced to protect both the public and the applicant, just as the speedy trial provisions are designed to protect both the public and the defendant.

The trial court abused its discretion when it found that the order of the State Medical Board of Ohio was in accordance with law, since, by its own rules, the board was required to issue the certificate to the applicant, since none of the provisions for extending the times set forth in Ohio Adm.Code 4731–6–21(E) are applicable. Thus, the board's order was not in accordance with law.

Appellant's fourth assignment of error is sustained.

Appellant's first, second, and third assignments of error are overruled, and appellant's fourth assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to the trial court with instructions to enter a judgment in accordance with this opinion, remanding the case to the State Medical Board of Ohio with instructions to grant appellant's application for a license.

*Judgment reversed and cause*
*remanded with instructions.*

TYACK and DESHLER, JJ., concur.

688

JOHN W. MCCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.