RIZVI, Appellant,

v.

ST. ELIZABETH HOSPITAL MEDICAL CENTER et al., Appellees.

[Cite as *Rizvi v. St. Elizabeth Hosp. Med. Ctr.* (2001), 146 Ohio App.3d 103.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 00CA194.

Decided Sept. 24, 2001.

See also 138 Ohio App.3d 682, 742 N.E.2d 183.

104

*Leonard Stauffenger* and *Michele Morris,* for appellant.

*Ned Gold, Jr.* and *Lance Morrison,* for appellees.

---

VUKOVICH, Presiding Judge.

Plaintiff-appellant Hil Rizvi, M.D., appeals the decision of the Mahoning County Common Pleas Court granting defendants-appellees St. Elizabeth Hospital Medical Center et al.'s, motion for summary judgment on Dr. Rizvi's multiple claims. For the following reasons, the judgment of the trial court is affirmed in part, reversed in part, and this cause is remanded.

## STATEMENT OF FACTS

On October 2, 1995, Dr. Rizvi signed a contract with St. Elizabeth to be employed as a resident. His contract was not renewed on December 31, 1995. In the early months of 1996, Dr. Rizvi contacted Western Reserve Care System Pediatric Emergency Center ("WRCS") to get experience in pediatric care. Dr. Rizvi informed WRCS that he was a resident at St. Elizabeth's. *Rizvi v. State Med. Bd. of Ohio* (2000), 138 Ohio App.3d 682, 742 N.E.2d 183. An agent of St. Elizabeth's reported the misrepresentation to the State Medical Board of Ohio ("board"). The board proposed denial of Dr. Rizvi's application for a medical license based upon four alleged violations. *Id.* The only charge relevant to this appeal is based on the misrepresentation made by Dr. Rizvi to WRCS. The board did not grant Dr. Rizvi licensure based on four violations. *Id.* The Franklin County Common Pleas Court affirmed the order of the board. *Id.* The Tenth District Court of Appeals ruled that the common pleas court did not abuse its discretion in affirming the decision of the board. *Id.* However, the Tenth District reversed the decision to deny licensure based on the board's noncompliance with procedural time restrictions. *Id.*

Dr. Rizvi filed suit against appellees in Mahoning County Common Pleas Court based on the report to the board, a report to the American Board of Internal Medicine ("ABIM"), and incidents that occurred while Dr. Rizvi worked for St. Elizabeth. A timely appeal followed the trial court's order granting summary judgment in favor of St. Elizabeth.

## STANDARD OF REVIEW

An appellate court reviews a trial court's decision to grant summary judgment *de novo*. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 671 N.E.2d 241. Summary judgment is properly granted when (1) no genuine issue as to any material fact exits, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. The evidence must be viewed in the light most favorable to the nonmoving party. *Id.*

Dr. Rizvi raises three assignments of error. Since the second assignment of error could be dispositive of all other issues, it will be addressed first.

Dr. Rizvi's second assignment of error contends:

"The trial court erred by granting summary judgment to the appellees on the basis of claim and issue preclusion because neither appl[ies] to the instant case."

Dr. Rizvi claims that the trial court erred in deciding that all of his claims were precluded by the decision of the board. He argues that both issue and claim preclusion are not applicable in this situation. We will address these arguments separately, first dealing with claim preclusion.

The doctrine of claim preclusion generally bars relitigation of a cause of action. Claim preclusion holds that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140.

Here, the elements of claim preclusion are not satisfied. Dr. Rizvi's misrepresentation to WRCS occurred after the alleged breach of contract. Therefore, the claim does not arise from the same transaction or occurrence. Dr. Rizvi could not have raised the breach of contract claim before the board. Nor could he have raised his defamation or interference with business relationship claims because of the board's lack of jurisdiction to hear those issues. The board has jurisdiction to refuse to grant a certificate to a person only if the board finds that person has committed fraud, misrepresentation, or deception in applying for any license issued by the board. R.C. 4731.22(A).

While the trial court erred in granting summary judgment based on claim preclusion, the issue of the falsity of the application to the board has already been litigated. Therefore, issue preclusion bars relitigation of the issue of the misrepresentation to WRCS. There are three elements to the applicability of issue preclusion. It applies when "the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 183, 637 N.E.2d 917.

St. Elizabeth claims that Dr. Rizvi is estopped from claiming that St. Elizabeth's defamed him by stating that he misrepresented himself to WRCS. The board found that Dr. Rizvi falsely represented himself as a resident of St. Elizabeth's based on the testimony of four witnesses. *Rizvi v. State Med. Bd. of Ohio* (2000), 138 Ohio App.3d 682, 742 N.E.2d 183. Therefore, element one is met. Moreover, since Dr. Rizvi was a party in the prior suit by the board, element three is also met.

Element two involves the question of whether the determination of the board is considered a judgment from a court of competent jurisdiction. This court finds that it is. Issue preclusion applies to administrative proceedings of a judicial nature in which the parties have had an ample opportunity to litigate the

contested issue(s). *Superior's Brand Meats, Inc. v. Lindley* (1980), 62 Ohio St.2d 133, 16 O.O.3d 150, 403 N.E.2d 996, syllabus. In order for an administrative proceeding to be judicial or quasi-judicial, there must be notice, a hearing, and an opportunity to introduce evidence. *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562, paragraph two of the syllabus. R.C. 4731.22(C) requires disciplinary actions taken by the board to comply with Chapter 119 of the Revised Code. R.C. 119.06 requires administrative agencies to give an opportunity for a hearing, notice of the hearing date if the hearing is requested, an opportunity to examine witnesses, and an opportunity to present evidence. Therefore, element two of issue preclusion is met and Dr. Rizvi is precluded from asserting a defamation case concerning St. Elizabeth's statement that he misrepresented himself to WRCS.

The board's finding, however, does not preclude Dr. Rizvi's other defamation actions. Nor does the board's findings have a preclusive effect on the breach of contract claim or the intentional interference with business relations claim. However, it does not necessarily follow that the trial court did not properly grant summary judgment to those issues. Accordingly, we will now examine Dr. Rizvi's remaining assignments of error.

Dr. Rizvi's first assignment of error contends:

"The trial court erred by granting summary judgment to the appellees regarding appellant's claims of defamation and intentional interference with present and future business relationship because material issues of fact exist in the record thereby entitling him to a jury trial."

Dr. Rizvi argues that issues of fact remain regarding his defamation and interference with business relation claims. This assertion is based on two separate occurrences. First, a report to ABIM indicated Dr. Rizvi's morals and ethics were unsatisfactory. This occurred after the board found that Dr. Rizvi misrepresented himself as a resident of St. Elizabeth to WRCS. Second, Dr. Kim, a teaching physician, allegedly called Rizvi "crazy."

Both sides correctly identify that a privilege exists under R.C. 2305.25, which protects professional review organizations. In order for Dr. Rizvi to prevail on a claim of defamation where a privilege exists, he must demonstrate actual malice. *Jacobs v. Frank* (1991), 60 Ohio St.3d 111, 573 N.E.2d 609, paragraph two of the syllabus. The same actual malice standard that applies to defamation also applies to tortious interference with business relationships. *A & B–Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Contr. Trades Council* (1995), 73 Ohio St.3d 1, 14, 651 N.E.2d 1283. Actual malice is defined as acting with knowledge that the statements are false or acting with reckless disregard as

to their truth or falsity. *Jacobs,* 60 Ohio St.3d at 115, 573 N.E.2d 609. Actual malice implies more than evidence of ill will, spite, or ulterior motive. *Id.*

In the case *sub judice,* Dr. Wilkins wrote a recommendation letter for Dr. Rizvi to the Utah Medical Board. A recommendation alone is not enough to create a genuine issue of fact regarding actual malice. *Id.* Dr. Rizvi also asserts that Dr. Wilkins's testimony before the board contradicts the information conveyed to ABIM. In Dr. Rizvi's view, this alleged contradiction indicated the existence of actual malice. The report to ABIM indicated that Dr. Rizvi was unsatisfactory in terms of ethics and honesty. ABIM's report included fraudulent activity as a deficiency in moral and ethical behavior warranting an unsatisfactory response. Therefore, a report supported by a finding of an administrative board does not reach the point of actual malice. The trial court was correct that the report from Dr. Wilkins was not defamatory and did not interfere with business relations.

The trial court was also correct in granting summary judgment as to the statements made by Dr. Kim that Dr. Rizvi was "crazy." A statement that someone is "crazy" is an expression of opinion that generally does not subject one to liability. *Scott v. News–Herald* (1986), 25 Ohio St.3d 243, 250, 25 OBR 302, 496 N.E.2d 699. We have previously stated that "people frequently use adjectives such as 'stupid' or 'crazy' to express their feelings or opinions about an individual." *Paige v. Youngstown Bd. of Edn.* (Dec. 23, 1994), Mahoning App. No. 93CA212, unreported, 1994 WL 718839. The statements made by Dr. Kim were an expression of opinion and not subject to liability.

Dr. Rizvi's third assignment of error contends:

"The trial court erred by granting summary judgment to the appellees regarding appellant's claim of breach of contract because material issues of fact exist in the record thereby entitling him to a jury trial."

Dr. Rizvi argues that St. Elizabeth breached an oral contract that preceded a written resident-appointment contract. Dr. Rizvi also alleges that the written contract was breached.

The construction of a written contract is a matter of law. *Latina v. Woodpath Dev. Co.* (1991), 57 Ohio St.3d 212, 214, 567 N.E.2d 262. The parol evidence rule prevents a party to a written contract from claiming that an oral contract that preceded the written contract alters the obligations of the written contract. *Ed Schory & Sons, Inc. v. Soc. Natl. Bank* (1996), 75 Ohio St.3d 433, 440, 662 N.E.2d 1074.

While Dr. Rizvi claims that an oral contact for one year of residency was created with St. Elizabeth, the written contract does not echo that assertion. The written contract began on September 1, 1995 and ended December 31, 1995.

The contract provided for St. Elizabeth to pay Dr. Rizvi $34,500 in twenty-six biweekly installments; however, the contract was prorated annually. This indicates that Dr. Rizvi would receive payments only from September 1, 1995 to December 31, 1995. The trial court's decision to grant St. Elizabeth's motion for summary judgment concerning the breach of the resident's contract is sustained.

However, the trial court was incorrect in determining that summary judgment was proper as to the resident handbook. Dr. Rizvi argues that several procedural safeguards were not followed by St. Elizabeth when his contract was not renewed. The main contention is that he was not able to present witnesses at the "due process" appeal panel.

The handbook specifically provides for procedural safeguards in the "non-recontract decision," which includes allowing the resident to present witnesses. St. Elizabeth contends that Dr. Rizvi could have presented witnesses in accordance with the handbook and he was never told differently. St. Elizabeth suggests that Dr. Rizvi could have called Dr. Scoccia to testify on his behalf. Dr. Scoccia had a favorable opinion of Dr. Rizvi and never witnessed Dr. Rizvi's "interpersonal problems." However, Dr. Scoccia was never asked to testify on behalf of Dr. Rizvi nor was he told that he could not testify on behalf of Dr. Rizvi. Dr. Rizvi combats this argument by attaching an affidavit to his motion in opposition of summary judgment and citing his deposition that he was told by Dr. Kennedy that he was not permitted to call any witnesses.

The movant has the initial burden of informing the trial court of the basis for its summary judgment motion by identifying supporting evidence. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once the burden is met, the burden shifts to the nonmovant to set forth specific facts and supporting evidence showing that there is a genuine issue as to a material fact. *Id.* Dr. Rizvi has met his burden and a genuine issue as to material fact does exist as to whether the procedures in the handbook were followed. The trial court was incorrect in granting summary judgment as to the handbook.

For the foregoing reasons, the order granting summary judgment for St. Elizabeth's as to the defamation and intentional interference with business relations is affirmed. The summary judgment order for the resident contract is also affirmed. The order granting summary judgment on the issue of the resident handbook is hereby reversed, and this cause is remanded for further proceedings according to law and consistent with this court's opinion.

*Judgment reversed*
*and cause remanded.*

GENE DONOFRIO and WAITE, JJ., concur.