OPINION
{¶ 1} Plaintiff-appellant, Hil Rizvi, M.D., appeals from a Mahoning County Common Pleas Court decision awarding summary judgment to defendants-appellees, St. Elizabeth Hospital Medical Center, et al.
 {¶ 2} Appellant signed a resident appointment contract with St. Elizabeth to be a post-graduate, year two (PG-2) resident. The contract ran from September 1, 1995 until December 31, 1995. The contract provided the potential existed for advancement to PG-3 in 1996, so appellant could continue his residency at St. Elizabeth. Appellees did not renew appellant's contract upon its expiration in December, 1995. The contract provided a resident could challenge an adverse decision by St. Elizabeth through the academic due process procedure. Appellant's contract was formed in part by a resident handbook. The resident handbook provided that upon an adverse decision, the resident could request an appeal hearing and present witnesses at the hearing as part of his academic due process. Appellant sought review of the decision not to renew his contract per the resident handbook and his review was heard before an appeal panel.
 {¶ 3} Sometime in 1996, appellant contacted Western Reserve Care System ("WRCS") Pediatric Emergency Center to get experience in pediatric care. Appellant informed WRCS that he was a resident at St. Elizabeth.Rizvi v. State Med. Bd. of Ohio (2000), 138 Ohio App.3d 682. An agent of St. Elizabeth reported the misrepresentation to the State Medical Board of Ohio ("SMBO"). The SMBO did not grant appellant his medical license based on four violations. Id. The Tenth District Court of Appeals reversed the decision to deny licensure based on the SMBO's noncompliance with procedural time restrictions. Id.
 {¶ 4} On June 6, 1997, appellant filed the current suit against appellees based on the report to the SMBO, a report to the American Board of Internal Medicine (ABIM), and incidents that occurred while he worked for St. Elizabeth, including an alleged breach of the academic due process as set out in the resident handbook. The trial court granted summary judgment in favor of appellees finding that no genuine issues of fact existed. Appellant appealed.
 {¶ 5} This court resolved appellant's appeal in Rizvi v. St.Elizabeth Hosp. Med. Ctr. (2001), 146 Ohio App.3d 103 (Rizvi 1). We affirmed the trial court's grant of summary judgment on all issues except one. We determined that a genuine issue of fact existed as to whether the appellees followed the procedures in the resident handbook regarding appellant's due process hearing. Specifically, the handbook called for certain procedural safeguards in the hearing of an appeal of an adverse decision, including allowing the resident to present witnesses. We found that an issue of fact surrounded whether appellant was permitted to present witnesses at his hearing. We reversed and remanded the case, on this issue only, for further proceedings.
 {¶ 6} Upon remand, appellees filed two motions in limine, one to define the scope of the trial in accordance with the appellate decision and another for an order limiting evidence as to damages. In the motion seeking a limitation on damage evidence, appellees sought to limit appellant's damages to nominal damages, asserting, based on our decision in Rizvi 1, appellant could not recover punitive, compensatory, or consequential damages.
 {¶ 7} On May 7, 2002, appellant filed a motion for leave to file a third amended complaint[1] and response to appellees' motions in limine. Appellant sought to amend his complaint to "reiterate his equitable cause of action in promissory estoppel and to conform the pleadings to the evidence presented in accordance with" the decision inRizvi 1. He alleged that he asserted the equitable estoppel claim in his second amended complaint and that appellees never moved for summary judgment on this claim; thus, the claim was remanded back to the trial court along with the resident handbook claim.
 {¶ 8} On May 9, 2002, the trial court sustained appellees' motions in limine and instructed appellant to only introduce evidence as to nominal damages. It further held that appellant was barred from alleging promissory estoppel.
 {¶ 9} On May 13, 2002, appellees filed a motion for leave to file a summary judgment motion instanter. Appellees asserted that the February 6, 2002 Ohio Supreme Court decision of DeCastro v. Wellston City SchoolDist. Bd. of Edn., 94 Ohio St.3d 197, 2002-Ohio-478, all but mandated summary judgment in their favor. The trial court sustained appellees' motion for summary judgment in its July 10, 2002 judgment entry. The trial court failed to set forth any reasons for its decision, stating only that no genuine issues of material fact existed, therefore appellees were entitled to judgment as a matter of law. From this decision, appellant filed his timely notice of appeal on August 9, 2002.
 {¶ 10} Appellant raises three assignments of error, which will be addressed out of order for clarity. Appellant's second assignment of error states:
 {¶ 11} "The trial court erred and abused its discretion in denying plaintiff's motion for leave to file a third amended complaint, setting forth the claim of promissory estoppel/breach of an implied agreement to provide him academic due process in the termination of his medical residency program by the defendant hospital."
 {¶ 12} Appellant argues that per Civ.R. 15, the trial court should have permitted him to file his third amended complaint. He claims he sought to amend his complaint in order to clarify the remaining issue remanded by Rizvi 1, according to the equitable theory of promissory estoppel, and to permit the pleadings to be in conformance with the evidence presented. Appellant alleges that his testimony at trial will demonstrate that he relied on appellees' representations regarding his job security to his detriment, thus entitling him to recover damages via promissory estoppel. Appellant contends he will present evidence at trial that his reliance on appellees' alleged promises has caused him severe economic damages over the past six and a half years. Appellant further claims that the remaining issue is, "[e]mployment as a medical residentin the absence of a written contract, * * *, but subject to an implied employment agreement contained in a resident handbook." (Emphasis sic.) (Appellant's Brief, p. 20).
 {¶ 13} Civ.R. 15 provides in pertinent part:
 {¶ 14} "(A) Amendments
 {¶ 15} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *.
 {¶ 16} "(B) Amendments to conform to the evidence
 {¶ 17} "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. * * *."
 {¶ 18} The grant or denial of a motion to amend a pleading is within the trial court's discretion. Turner v. Cent. Local School Dist.
(1999), 85 Ohio St.3d 95, 99. Thus, we may only reverse such a decision if the trial court abuses that discretion. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. "[W]here it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion." Peterson v.Teodosio (1973), 34 Ohio St.2d 161, 175.
 {¶ 19} The trial court did not abuse its discretion in denying appellant's motion to amend. Appellant sought to amend his complaint on May 7, 2002, just days before trial was set to begin. Furthermore, the trial court had already allowed appellant to amend his complaint twice. Importantly, appellant states that he sought to amend his complaint to clarify the remaining issue remanded by Rizvi 1, according to the equitable theory of promissory estoppel, and to permit the pleadings to be in conformance with the evidence presented. Appellant had already asserted a promissory estoppel claim in his second amended complaint. Since the claims in his second amended complaint were entirely disposed of in the trial court's first award of summary judgment to appellees (except for the one claim regarding the resident handbook which we reversed and remanded), he was not free to raise this claim again, as it had already been determined. Appellant contends that appellees never asked for summary judgment on his promissory estoppel claim. But appellees' summary judgment motion requests summary judgment on "all claims brought" by appellant in his complaint. Furthermore, since the case had not yet gone to trial, he could not amend his complaint to conform to the evidence presented at trial. Thus, we cannot say the trial court abused its discretion in denying appellant's motion to amend. Accordingly, appellant's second assignment of error is without merit.
 {¶ 20} Appellant's third assignment of error states:
 {¶ 21} "The trial court erred and abused its discretion in granting defendants' motion for an order in limine limiting plaintiff's remaining implied contract claim to only nominal damages."
 {¶ 22} Appellant argues that it is proper in cases of implied contract/promissory estoppel to consider actual damages and consequential damages reasonably calculated by the parties at the time of the agreement, such as expectancy damages. He contends that since appellees breached an implied contract to provide him with due process, he has suffered a five-year delay in his career and will be indefinitely stymied in pursuing his specialty in internal medicine since he could not become ABIM certified.
 {¶ 23} We may only reverse a trial court's decision excluding evidence if the record clearly demonstrates the trial court abused its discretion in so ruling and that the complaining party has suffered a material prejudice. Columbus v. Taylor (1988), 39 Ohio St.3d 162, 164.
 {¶ 24} As discussed above, appellant did not have a viable promissory estoppel claim remaining after Rizvi 1. His only outstanding claim was for an alleged failure of appellees to provide him with academic due process as set out in the resident handbook, thus breaching the terms of his contract. Therefore, his argument regarding the damages he sustained from his promissory estoppel/implied contract claim is moot.
 {¶ 25} As appellees note, appellant's agreement with them provided, "[t]here is no guarantee that a resident, even if performing satisfactorily will be advanced to the next level of training or that the residency program will be continued." Thus, appellant had no guarantee of advancing to the next level or remaining with St. Elizabeth's for any time after the expiration of his September 1, 1995 to December 31, 1995 contract. Therefore, his alleged damages do not flow from the alleged breach of contract as they are merely speculative.
 {¶ 26} Accordingly, appellant's third assignment of error is without merit.
 {¶ 27} Appellant's first assignment of error states:
 {¶ 28} "The trial court erred and abused its discretion in granting the defendant hospital's second motion for summary judgment based upon the hospital's allegation that plaintiff physician has no actual damages from the hospital's breach of an implied employment agreement in this case."
 {¶ 29} Appellant argues the court erred in granting appellees summary judgment. He argues that his remedy for appellees' breach of contract by denying him academic due process would be another opportunity to have his contract renewed. If he was not provided this opportunity, appellant argues, the due process language in the resident handbook would be merely illusory, as would this court's remand order. He asserts that the issue remains as to whether appellees provided him with due process in accordance with the resident handbook. If it did not, then he is entitled to a remedy for this denial.
 {¶ 30} Appellant further alleges that appellees did indeed breach the agreement as set out in the handbook. Therefore, he has suffered actual damages for the past six years, because he was unable to complete his residency at St. Elizabeth's.
 {¶ 31} Appellant finally alleges that the trial court failed to follow this court's order on remand to try the case on the issue of whether appellees violated his academic due process rights. He argues that unless appellees are maintaining that the due process rights they promised in the handbook were illusory, he may be entitled to contract renewal. Appellant distinguishes his case from DeCastro, 94, Ohio St.3d 197, by reasoning that in DeCastro, the plaintiff admitted only nominal damages whereas here he claimed economic loss resulting directly from appellees' breach.
 {¶ 32} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Cole v. Am. Indus. Resources Corp. (1998), 128 Ohio App.3d 546, 552. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsons v. Flemming (1994),68 Ohio St.3d 509, 511. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc.
(1995), 104 Ohio App.3d 598, 603, citing Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 247-248.
 {¶ 33} In the present case, the trial court failed to give any reasons for granting appellees summary judgment. Since appellees' entire argument in support of their summary judgment claim relied on DeCastro,94 Ohio St.3d 197, presumably the trial court determined that DeCastro
was applicable to this case. DeCastro was decided after this court's remand in Rizvi 1.
 {¶ 34} In DeCastro, the Ohio Supreme Court was asked to determine the certified question, "whether nominal damages can be recovered where actual monetary damages cannot be proven in a breach of contract claim." Id. at 199. In DeCastro, a high-school senior was suspended for the last four days of his high-school career for allegedly throwing an egg at and yelling at a replacement teacher while his teachers were on strike. He sued the school board, the superintendent, and his principal for tort and breach of contract for violating the contract negotiated by the teachers, which included a clause providing that there were to be no reprisals against any teachers, employees, students, or parents for any action related in any way to the strike. The defendants moved for summary judgment alleging DeCastro failed to allege any economic losses that could be compensable under a breach of contract action and had suffered no economic loss. DeCastro abandoned his tort claims and asserted that he was not required to allege economic loss to state a cause of action for breach of contract.
 {¶ 35} The trial court awarded the defendants summary judgment since it found DeCastro failed to establish any measurable item of damage that would be compensable under a contract claim. The court of appeals reversed following First Natl. Bank of Barnesville v. W. Union Tel. Co.
(1876), 30 Ohio St. 555, paragraph one of the syllabus, which held: "`In case of a breach of contract, actual damages not being proved, nominal damages may be recovered.'" DeCastro, 94 Ohio St.3d at 199. In reversing the court of appeals, the Ohio Supreme Court set out three rules for examining the issue of damages in a breach of contract case. First, the court held "in a case where a plaintiff proves breach of contract at trial but fails to prove actual damages resulting from that breach, the trial court may enter judgment for the plaintiff and award nominal damages." Id. But the court did not stop here. It went on to decide whether nominal damages must always be awarded upon the breach of a contractual duty. Second, it held "that unless a significant right is involved, including inequitable assessment of costs, an appellate court should not reverse and remand a case for a new trial if only nominal damages could result." Id. at 200. Again, the court continued with its analysis noting that its holdings so far did "not determine the propriety of summary judgment in the first instance where the plaintiff is unable even to theorize the existence of economic damages." Id. at 201. Finally, it held: "[S]ummary judgment may be granted to the defendant in a breach-of-contract case where the plaintiff has failed to provide evidence of economic damages resulting from a breach of contract and has failed to seek injunctive relief or specific performance of a contractual duty, but instead rests his or her right to proceed to trial solely on a claim for nominal damages." Id.
 {¶ 36} It is with these rules in mind that we must examine appellant's arguments.
 {¶ 37} The first rule does not apply in the instant case since it has not yet gone to trial. Appellant has not yet proved a breach of the resident handbook. Likewise, the second rule is not dispositive since this case has not yet gone to trial. And this court is not determining whether to remand this case for a new trial. That leaves us with the third rule. The third rule deals with the propriety of granting a breach-of-contract defendant summary judgment. As appellant points out, in this case he claimed economic loss resulting directly from appellees' alleged breach, whereas in DeCastro, the plaintiff admitted only nominal damages. While appellant argues that this distinction separates his case from DeCastro, it is a distinction without a difference. Appellant originally asserted economic damages, however the only issue remaining after Rizvi 1 was appellant's claim for a breach of the resident handbook and the trial court properly limited appellant to introducing evidence as to nominal damages. Thus, appellant could not prove economic damages resulting from the alleged breach. Furthermore, appellant has failed to seek injunctive relief or specific performance of a contractual duty. Consequently, per the third rule, summary judgment was appropriate. Thus, appellant's first assignment of error is without merit.
 {¶ 38} For the reasons stated above, the trial court's decision is hereby affirmed.
Judgment affirmed.
Vukovich and DeGenaro, JJ., concur.
[1] Appellant filed his initial complaint on June 6, 1997. He filed a "first amended complaint" on July 8, 1997. He then filed a "second amended complaint" on July 7, 1999.