[Civ. No. 41942. First Dist., Div. Three. Oct. 24, 1978.]

CALIFORNIA TEACHERS ASSOCIATION et al.,
Plaintiffs and Appellants, v.
PAUL NIELSEN, as Superintendent, etc., et al.,
Defendants and Respondents.

**COUNSEL**

Galiano & Wheatley and Horace Wheatley for Plaintiffs and Appellants.

Keith C. Sorenson, District Attorney, and Lillian Lee Port, Deputy District Attorney, for Defendants and Respondents.

**OPINION**

**HALVONIK, J.**—Appellants are teachers and representatives of teachers who, as a result of their activities and statements during a strike, had complaints and letters of reprimand placed in their personnel files. Appellants petitioned for a writ of mandate commanding the school district to remove the letters and complaints from their files. Relief was denied below and this appeal ensued.

On May 23, 1975, about 500 teachers of the South San Francisco Unified School District failed to report for work. The strike was not

settled until June 6, 1975. For purposes of this litigation, the central feature of the strike settlement was an agreement by the school district that no reprisals would be taken against employees based upon the withholding of their services.

During the strike and its immediate aftermath the district received approximately 125 verified complaints about the behavior of striking employees. After review, 13 complaints were deemed serious enough to be placed in the respective employees' personnel files. Letters of reprimand were prepared to accompany the complaints. On December 3, 1975, each of the 13 was sent a copy of the complaint against him or her and a letter of reprimand. The letter said that "After much deliberation, the Board of Trustees has determined that a copy of the complaint and this letter of reprimand be placed in your personnel file." Although the wording of the reprimand letter, standing alone, could conceivably have led the recipients to assume that the reprimand and complaint were already in the personnel file, a copy of Education Code section 13001.5, providing employees with the right to respond before a complaint is placed in the file, accompanied the letter and the employee's attention was called to that section in the letter itself. Additionally, there were public pronouncements that the complaints and letters were not yet in the files and that the employees would have an opportunity to respond before they were placed there. Two teachers took advantage of that opportunity and successfully refuted the charges. Thus complaints and letters were placed in but 11 files.

Those 11, joined by one other, are the individual appellants in this action. The other is a teacher who, after this action began, filed a declaration in support of her colleagues in which she stated: "I recommended to the parents of the children in my class by phone and by personal contact that sending their children to school might not be the wisest thing to do because of the unsafe conditions prevailing at the time and because of the use of non-certificated personnel for the performance of certificated duties. Also, during the course of the work stoppage, the media publicized both the District administration's request that parents send their children to school and the teachers' request that parents keep their children at home. [¶] I have reviewed my personnel file and neither a complaint nor a letter of reprimand has been placed in my personnel file as a result of my participating in the work stoppage or engaging in activities in support thereof, as aforesaid." The school district quickly

cured the lacuna by placing her declaration along with a letter of reprimand in her file and appellants' petition for writ of mandate was amended to join her as a petitioner.

Appellants sought mandate on the grounds that the district had abused its discretion by (a) not following its own regulations for placing a complaint in a personnel file and (b) placing reprimands and complaints in the files in violation of the no reprisals agreement.

Rule 1312a of the school district requires that the accused employee receive a copy of any written complaint by the close of the second working day after the complaint has been received. That did not happen here; months expired before appellants received copies of the complaints. To this argument the school district replied that rule 1312a was designed to cover conventional situations and the district could not reasonably be expected to follow it when there had been a strike which generated well over 100 complaints. It would have been impossible even to evaluate the complaints in two days. In the hearing below, the court, struck with the force of this point, asked appellants' counsel how appellants could have been prejudiced by the failure to comply with rule 1312a. He answered that the prejudice was a consequence of the wording of the letter of December 3 which left appellants with the impression that it was too late to contest the charges against them. After the court noted that, however ambiguous the wording of the letter, appellants in fact well knew they had ample time to challenge the complaints, the issue was not pressed. Nor is it seriously pressed here. The trial court's finding that appellants were not denied due process by the manner in which the complaints and reprimands were placed in the personnel files is supported by substantial evidence and we affirm that portion of the judgment.

■ The court below also rejected appellants' plea that it review the complaints and reprimands to determine whether placing them in the personnel files violated the no reprisals agreement. Needless to say, the court did not hold that the school district was free to violate its word. It found that mandate was not available because another remedy, for breach of contract, existed. Appellants seek no money damages so the court's conclusion must have been predicated on the theory that the existence of another equitable remedy, i.e., specific performance, defeats an action in mandate. There is authority for the proposition that specific performance is an adequate alternative remedy to mandate. (*Spangenberg* v. *Western etc. Co.* (1913) 166 Cal. 284 [135 P. 1127]; *Ray* v. *California Home Bldg. Loan Co.* (1935) 7 Cal.App.2d 275 [46 P.2d 996].) Where

relief is sought against a public body, however, the availability of injunctive relief is not a bar to mandate. (*County of L. A.* v. *State Dept. Pub. Health* (1958) 158 Cal.App.2d 425, 446 [322 P.2d 968]; *Brock* v. *Superior Court* (1952) 109 Cal.App.2d 594 [241 P.2d 283].) In *Glendale City Employees' Assn., Inc.* v. *City of Glendale* (1975) 15 Cal.3d 328, 343 [124 Cal.Rptr. 513, 540 P.2d 609] a memorandum of understanding between a public body and an employee's association was at issue. The memorandum dealt with salary scales. The court said: "The usual remedy for failure of an employer to pay wages owing to an employee is an action for breach of contract; if that remedy is adequate, mandate will not lie. (See *Elevator Operators etc. Union* v. *Newman* (1947) 30 Cal.2d 799, 808 [186 P.2d 1] and cases there cited.) But often the payment of the wages of a *public* employee requires certain preliminary steps by public officials; in such instances, the action in contract is inadequate and mandate is the appropriate remedy." (Italics in original.)

It necessarily follows that where, as here, not money but the performance of public acts by public officials is the issue, mandate will lie.

■ Since this case must be returned to the trial court for a determination whether the placing of any of the complaints or reprimands in the employees' files violated the no reprisals agreement, we must dispose of one other matter. Relying on *Loder* v. *Municipal Court* (1976) 17 Cal.3d 859 [132 Cal.Rptr. 464, 553 P.2d 624], the trial court held that any order requiring destruction of records would violate Government Code section 6200. But appellants seek removal and destruction and an order requiring removal of improperly classified material for the purpose of reclassification to be followed by destruction would not violate section 6200. (See 58 Ops. Cal.Atty.Gen. 422; Cal.Admin.Code, title 5, §§ 16020-16028.)

The judgment is reversed and the cause is remanded to the superior court for further consideration consistent with the views herein expressed.

White, P. J., and Feinberg, J., concurred.