[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 197.]

DECASTRO, APPELLEE, *v*. WELLSTON CITY SCHOOL DISTRICT BOARD OF

EDUCATION ET AL., APPELLANTS.

[Cite as *DeCastro v. Wellston City School Dist. Bd. of Edn.*,

2002-Ohio-478.]

*Torts—If plaintiff proves breach of contract but fails to prove actual damages resulting from breach, trial court may enter judgment for plaintiff and award nominal damages.*

(Nos. 00-1853 and 00-2187—Submitted October 3, 2001—Decided February 6, 2002.)

APPEAL from and CERTIFIED by the Court of Appeals for Jackson County, No. 00CA06.

————————————

**SYLLABUS OF THE COURT**

If a plaintiff proves breach of contract at trial but fails to prove actual damages resulting from that breach, the trial court may enter judgment for the plaintiff and award nominal damages.

————————————

**MOYER, C.J**.

{¶ 1} Appellee Mark DeCastro filed this action asserting two causes of action in tort and one cause of action for breach of contract. He named as defendants the Wellston City School District Board of Education, the Superintendent of the Wellston City Schools, and the Principal of Wellston High School during the 1997-1998 academic year. That year was DeCastro's senior year at the high school.

{¶ 2} The board and the Wellston Teachers Association ("WTA") were involved in a labor dispute and work stoppage on March 17, 1998. On that afternoon, a replacement teacher, while being escorted after school from the high school building

to a van, was hit by a thrown egg. DeCastro, who denied having thrown the egg, asserted that the teacher then looked directly at him, gestured to challenge him, and verbally threatened him before getting into the van. DeCastro further asserted that the replacement teacher continued gesturing from the van and that DeCastro responded by pounding his hands on the side of the van and pointing his index finger at the teacher from outside the van window.

{¶ 3} The board thereafter imposed a four-day in-school suspension upon him, which he served in May 1998 and which coincided with his last four days of high school. He asserted that the suspension caused him to miss out on "activities that are unique to the final days of a high school senior."

{¶ 4} In support of his claim of breach of contract, DeCastro asserted that in settling the labor dispute, the board and the WTA entered into a written agreement that included a nonreprisal clause that provided as follows: "There shall be no reprisals of any kind against the Association, its officers, members, agents or against any employees, parents, or students for any action or activity by or failure to act occurring during the March, 1998 Wellston School strike or related in any way to said strike by the Board of Education as individuals or in a collective body or by any administrator, other person employed by the Board of Education or any agent of the Board of Education."

{¶ 5} DeCastro claimed that his actions on March 17, 1998, were "related * * * to said strike" within the contemplation of the contractual agreement, that he was a third-party beneficiary of the agreement, and that the defendants violated the agreement in imposing disciplinary action against him.

{¶ 6} DeCastro prayed for relief in the form of "appropriate compensatory damages," reasonable attorney fees and costs, and such further relief as the court deemed just and proper.

{¶ 7} Following discovery, the appellants moved for summary judgment, asserting, *inter alia*, that DeCastro had failed to "allege any economic losses that can

be compensable under a breach of contract action" and had, in fact, suffered no economic loss.

{¶ 8} In response, DeCastro acknowledged that the facts before the court did not support his tort claims, leaving only his contract claim as a third-party beneficiary. He denied that he was required to allege economic loss to state a cause of action for breach of contract, arguing that he had been "damaged by the discipline imposed upon him which should not have been issued under the nonreprisal clause" and that a jury could "adequately and fairly assess the value of such a failure to abide by the agreement."

{¶ 9} The trial court entered summary judgment in favor of the appellants based upon DeCastro's acknowledgement that his tort claims lacked merit and upon its finding that DeCastro failed to establish any measurable item of damage that would be compensable under a contract claim.

{¶ 10} The court of appeals, in a split decision, deemed itself bound to follow the first paragraph of the syllabus of *First Natl. Bank of Barnesville v. W. Union Tel. Co.* (1876), 30 Ohio St. 555, 1876 WL 210, which provides, "In case of a breach of contract, actual damages not being proved, nominal damages may be recovered." It reversed and remanded the cause for further proceedings.

{¶ 11} The court of appeals certified a conflict to this court, finding that its decision conflicted with those of the Sixth District in *Munoz v. Flower Hosp.* (1985), 30 Ohio App.3d 162, 30 OBR 303, 507 N.E.2d 360, and the Ninth District in *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.* (1996), 115 Ohio App.3d 137, 684 N.E.2d 1261, and *Hackathorn v. Springfield Local School Dist. Bd. of Edn.* (1994), 94 Ohio App.3d 319, 640 N.E.2d 882.

{¶ 12} The case is now before this court upon our determination that a conflict exists (case No. 00-2187) and upon the allowance of a discretionary appeal (case No. 00-1853).

**{¶ 13}** The question certified by the court of appeals asks "whether nominal damages can be recovered where actual monetary damages cannot be proven in a breach of contract claim." It is established, both by our controlling precedent in *First Natl. Bank of Barnesville* and multiple legal treatises, that the answer to this question, strictly speaking, is in the affirmative. See 11 Williston on Contracts (3 Ed.1968), Section 1339A ("An unexcused failure to perform a contract is a legal wrong. Action will lie for the breach although it causes no injury. Nominal damages are then awarded."); see, also, 3 Restatement of the Law 2d, Contracts (1981), Section 346 ("[1] The injured party has a right to damages for any breach by a party against whom the contract is enforceable unless the claim for damages has been suspended or discharged. [2] If the breach caused no loss or if the amount of the loss is not proved under the rules stated in this Chapter, a small sum fixed without regard to the amount of loss will be awarded as nominal damages.").

**{¶ 14}** We affirm the first paragraph of the syllabus of *First Natl. Bank of Barnesville* only to the extent that we hold that in a case where a plaintiff proves breach of contract at trial but fails to prove actual damages resulting from that breach, the trial court may enter judgment for the plaintiff and award nominal damages.

**{¶ 15}** However, an affirmative answer to the question certified to us is not dispositive of the case at bar, as we are left with the question whether nominal damages *must* always be awarded upon the breach of a contractual duty. Specifically, we are called upon to resolve a case in which the plaintiff not only failed to provide evidence of actual damages in response to a motion for summary judgment but could not even theorize the existence of economic damages.

**{¶ 16}** Although the law cited above establishes that nominal damages are recoverable upon proof of a breach of contract, courts have expressed "puzzlement" with the rule, *Scallon v. U.S. Ag. Ctr., Inc.* (N.D.Iowa 1999), 42 F.Supp.2d 867, 871, citing *Chronister Oil Co. v. Unocal Refining & Marketing* (C.A.7, 1994), 34 F.3d 462. The court in *Chronister* reversed a case and remanded it for entry of nominal damages,

4

acknowledging, however, that "for reasons we do not understand every victim of a breach of contract, unlike a tort victim, is entitled" to nominal damages. *Id*. at 466.

**{¶ 17}** Not surprisingly, courts have grafted limitations onto the doctrine. Perhaps the most common limitation is refusal to apply the doctrine to cases on appeal where the practical result would be to reverse a case for the sole purpose of allowing a judgment for nominal damages. Thus, paragraph four of the syllabus to *Smith v. Weed Sewing Machine Co.* (1875), 26 Ohio St. 562, 1875 WL 113, provides, "On the breach of a contract, where no actual damages are proved, the failure of the court to allow nominal damages constitutes no ground for reversal, on error, if such failure does not affect the question of costs." Moreover, although acknowledging the general rule allowing nominal damages, Williston on Contracts also states that "a judgment for the defendant will not be reversed merely to give the plaintiff nominal damages unless some substantial right of the latter will thereby be protected," 11 Williston (3 Ed.1968) at 206, and that " '[a]pplying the maxim "de minimis non curat lex" [the law cares not for small things], an appellate court should not reverse because of failure to award nominal damages, where no question of costs or other substantial right of the appellant is involved,' " *id*. at 208, quoting *Ferreira v. Honolulu Star-Bulletin, Ltd.* (1960), 44 Haw. 567, 578, 356 P.2d 651, 657. See, also, 3 Restatement 2d Contracts, Section 346, Comment *b* ("Unless a significant right is involved, a court will not reverse and remand a case for a new trial if only nominal damages could result."); *Hummel v. Mid Dakota Clinic, P.C.* (N.D.1995), 526 N.W.2d 704, 709 (summary judgment for defendant for breach of employment agreement affirmed where the undisputed evidence showed that the employee suffered no damages even if breach of employment agreement occurred); *Sessa v. Gigliotti* (1973), 165 Conn. 620, 622, 345 A.2d 45, 46 ("Ordinarily, we will not grant a new trial in order to entitle a plaintiff to recover merely nominal damages."); *Roemer v. Green Pastures Farms, Inc.* (1976), 97 Idaho 591, 593, 548 P.2d 857, 859 ("Assuming without deciding that the plaintiffs were entitled to nominal damages, we will not reverse 'for mere failure to allow

nominal damages where, as here, the issue is one of damages alone.' " quoting *Weaver v. Pacific Fin. Loans* [1971], 94 Idaho 345, 347, 487 P.2d 939, 941.).

{¶ 18} We agree with these authorities and hold that unless a significant right is involved, including inequitable assessment of costs, an appellate court should not reverse and remand a case for a new trial if only nominal damages could result.

{¶ 19} This holding, however, does not determine the propriety of summary judgment in the first instance where the plaintiff is unable even to theorize the existence of economic damages. This issue was cogently summarized by the magistrate judge in *Atlantic Research Marketing Sys., Inc. v. Saco Defense, Inc.* (D.C.Mass.1998), 997 F.Supp. 159, 166: "[M]ay summary judgment ever be granted to a defendant in a breach of contract case where the only basis for doing so is the plaintiff's inability to prove damages? On the one hand, it can certainly be argued that disputes about liability, even if 'genuine,' can never be 'material' within the meaning of Fed.R.Civ.P. 56(c) if plaintiff cannot prove damages and, as here, is not seeking or entitled to equitable relief. In fact, the First Circuit has implicitly held that, in an action for breach of contract, a plaintiff must put forth 'competent evidence' of damages in order to survive summary judgment. * * * On the other hand, however, Massachusetts law, which governs the [contract at issue] appears to provide that a plaintiff is at least entitled to nominal damages for a defendant's breach of contract. * * * *If so, then the very real prospect exists that a court, counsel, and jurors could be tied up for days or even weeks or more in a trial of a case where, from the outset, no possibility exists that plaintiff will obtain any substantial relief.*" (Emphasis added and citations omitted.)

{¶ 20} In such a situation, the defendant would be required to spend time and money in litigation having no purpose other than to judicially establish that he or she had committed a breach of contract with no economic consequences. It is difficult to differentiate that circumstance from a penalty based on a breach of contract. We have, however, recognized that because "the sole purpose of contract damages is to

6

compensate the nonbreaching party for losses suffered as a result of a breach, '[p]unitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable.' 3 Restatement of the Law 2d, Contracts (1981) 154, Section 355. 'Punishment of a promisor for having broken his promise has no justification on either economic or other grounds and a term providing such a penalty is unenforceable on grounds of public policy. *Id.* at 157, Section 356, Comment *a.*' " *Lake Ridge Academy v. Carney* (1993), 66 Ohio St.3d 376, 381, 613 N.E.2d 183, 187.

{¶ 21} In accordance with these established legal concepts, we hold that summary judgment may be granted to the defendant in a breach-of-contract case where the plaintiff has failed to provide evidence of economic damages resulting from a breach of contract and has failed to seek injunctive relief or specific performance of a contractual duty, but instead rests his or her right to proceed to trial solely on a claim for nominal damages. That is the status of the case at bar.

{¶ 22} In his deposition, DeCastro affirmatively acknowledged that he had suffered no out-of-pocket expenses or otherwise lost any money in any way as the result of his in-school suspension. He identified his sole damages resulting from his suspension as loss of the opportunity to participate in traditional activities associated with the end of a high school career, including participating in in-class reminiscing and informal senior assemblies. He testified that he was left with a feeling of "overall sadness as though I missed out on something that I will never be able to do again," as well as anger, but that he did not become ill or seek counseling of any kind.

{¶ 23} This is not a case where nominal damages are warranted because a plaintiff pleaded economic damages resulting from a breach of contract but failed to prove them at trial. Rather, this is a case where the plaintiff acknowledged at the outset that no economic damage occurred. DeCastro's prayer for relief did not demand injunctive relief or specific performance but specifically requested an award of

*compensatory* damages. We find no error in the entry of summary judgment in favor of the defendants under these facts.

{¶ 24} We acknowledge that the wrongful imposition of a school suspension is not a trivial matter and that the alleged nonreprisal clause may well have been of great significance to those for whose benefit it was included in settling the labor dispute between the Wellston school district and the WTA. However, even assuming that DeCastro had established a genuine issue of fact as to whether he should be deemed a third-party beneficiary of that alleged settlement agreement and that the disciplinary actions taken against him were a form of prohibited reprisal, DeCastro is not invoking the protection of the nonreprisal clause at a time when the clause might preclude the imposition of the suspension. He could have invoked the clause as a defense in the hearings before the school principal and the school board. He could have sought a temporary restraining order or specific performance of the nonreprisal clause. He is not seeking in this action an order that the records of his suspension be purged. Cf. *California Teachers Assn. v. Nielsen* (1978), 87 Cal.App.3d 25, 149 Cal.Rptr. 728.

{¶ 25} The harm DeCastro alleges to have resulted from a breach of contractual duty simply does not have an economic value sufficient to support an award of compensatory damages in a breach-of-contract case. Accordingly, in view of the specific facts before us, we find no error by the trial court in entering summary judgment against DeCastro. The judgment of the court of appeals is reversed, and summary judgment in favor of appellants is reinstated.

*Judgment reversed.*

F.E. SWEENEY, J., concurs.

RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur in syllabus and judgment.

DOUGLAS and COOK, JJ., dissent.

————————————

**DOUGLAS, J., dissenting.**

{¶ 26} I dissent from the judgment of the majority. *Barnesville* is good law and I would retain it as is.

COOK, J., concurs in the foregoing dissenting opinion.

———————————

*Cloppert, Portman, Sauter, Latanick & Foley*, *William J. Steele* and *Rory P. Callahan*, for appellee.

*Mollica, Gall, Sloan & Sillery Co., L.P.A.*, *James D. Sillery* and *Larry D. Wines,* for appellants.

———————————