DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiffs-Appellants, Donald and Lydia Wochna, Dynamic Coatings, Inc., and Industrial Coating Applications, Inc. (collectively, "the Wochnas"), appeal the judgment of the Medina County Court of Common Pleas that granted summary judgment to Defendants-Appellees/Cross-Appellants, Craig Vetovitz and Attorney Paul Mancino, in their action alleging breach of the terms of a settlement agreement. Mr. Vetovitz and Mr. Mancino have cross-appealed. We affirm in part and reverse in part.
 {¶ 2} Ironically, this regrettable litigation began with a settlement agreement. With the exception of Mr. Mancino, the parties to this appeal were all *Page 2 
parties to a Release, dated November 12, 2003, that resolved claims of legal malpractice and fraud alleged by Mr. Vetovitz against Mr. Wochna, his wife, Lydia, and two corporations in which they held an ownership interest.[1] Mr. Mancino represented Mr. Vetovitz in that case; Mr. Wochna's malpractice insurance provider declined to provide a defense. Before the parties executed the written Release, they placed a summary of terms on the record in the trial court. They also requested that the terms be kept confidential:
 "[Attorney for DEFENDANT]: Also request that all parties do not want the terms of the agreement disclosed.
 "THE COURT: All you need to do is get a judgment entry, I will sign off.
 "Our policy is we don't tell the press if you don't[.]"
The Release resolved the claims as summarized on the record. As part of that settlement, Mr. Wochna assigned his right to pursue claims against his malpractice insurer to Mr. Vetovitz and agreed to cooperate in the prosecution of those claims.
 {¶ 3} As anticipated by the terms of the Release, Mr. Mancino brought a claim against the insurer on behalf of Mr. Vetovitz and Mr. Wochna. During the course of discovery, the insurer served interrogatories and requests for production of documents upon Mr. Vetovitz and Mr. Wochna. The insurer also requested a copy of Mr. Wochna's insurance policy and the settlement agreement in the *Page 3 
underlying case. Mr. Mancino provided copies of both and served discovery responses upon the insurer.
 {¶ 4} On April 5, 2006, the Wochnas filed suit against Mr. Mancino and Mr. Vetovitz in the Medina County Court of Common Pleas alleging breach of contract and unjust enrichment and, with respect to Mr. Mancino, legal malpractice. Each of their claims was premised on Mr. Mancino's alleged breach of the confidentiality provision of the Release. Mr. Wochna sought damages for the breach, specifically asserting that he was entitled to the proceeds of a settlement between Mr. Vetovitz and his own legal malpractice insurer. Ms. Wochna, Dynamic Coatings, and Industrial Coating Applications sought rescission of the settlement agreement. Mr. Vetovitz counterclaimed against the plaintiffs, alleging that they had themselves breached the confidentiality provision of the Release by making it public in their complaint; he also alleged that their complaint represented a frivolous lawsuit. Mr. Mancino also counterclaimed against the Wochnas, joining Mr. Vetovitz's assertion that the claims were frivolous.
 {¶ 5} All parties moved for summary judgment on their respective claims and counterclaims. On May 14, 2007, the trial court granted summary judgment to Mr. Mancino and Mr. Vetovitz on each of the Wochnas' claims and granted summary judgment to the Wochnas on all counterclaims. The Wochnas timely appealed. Mr. Mancino and Mr. Vetovitz cross-appealed the trial court's *Page 4 
determination of their motions for summary judgment with respect to their counterclaims pursuant to App.R. 3(C)(1).
 I. THE WOCHNAS' APPEAL Donald Wochna's First Assignment of Error:
 "The trial court erred in granting summary judgment against Appellant-Plaintiff Donald Wochna by failing to enforce the clear and unambiguous terms of confidentiality of the release on the ground that Donald Wochna waived any confidentiality of the agreement when opposing counsel summarized the settlement agreement terms into the record, despite plaintiff and defendants['] uncontested testimony that they always intended the confidentiality provisions of the written release to be enforced and contrary to Ohio caselaw of contract construction and waiver."
 Linda Wochna, Dynamic Coatings, and Industrial Coating Applications'First Assignment of Error:
 "The trial court erred in granting summary judgment against Appellant-Plaintiffs Lydia Wochna, Dynamic and Industrial, by failing to enforce the clear and unambiguous terms of confidentiality of the release on the ground that Lydia Wochna, individually and as owner of Dynamic and Industrial, waived any confidentiality of the agreement when opposing counsel summarized the settlement agreement terms into the record, despite Plaintiff and Defendants['] unconstested testimony that they always intended the confidentiality provisions of the written release to be enforced and contrary to Ohio caselaw of contract construction and waiver and since none of the specific terms as stated in open court related to Lydia Wochna's, Dynamic['s], or Industrial's settlement with Vetovitz."
 {¶ 6} The Wochnas' first assignments of error are that the trial court erred in granting summary judgment to Mr. Vetovitz and Mr. Mancino on the claims for breach of contract, unjust enrichment, and with respect to Mr. Mancino, legal malpractice. *Page 5 
 SUMMARY JUDGMENT STANDARD {¶ 7} In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could only conclude that judgment should be entered in favor of the movant. Horton v. Harwich Chem. Corp. (1995),73 Ohio St.3d 679, 686-87. Before the trial court may consider whether the moving party is entitled to judgment as a matter of law, however, it must determine whether there are genuine issues of material fact for trial.Byrd v. Smith, 110 Ohio St.3d 24, 2006-Ohio-3455, at ¶ 12.
 {¶ 8} The moving party "`bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.'" Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, quotingDresher v. Burt (1996), 75 Ohio St.3d 280, 293. The nonmoving party then has a reciprocal burden to set forth specific facts, by affidavit or as otherwise provided by Civ.R. 56(E), which demonstrate that there is a genuine issue for trial. Byrd at ¶ 10. *Page 6 
 {¶ 9} Summary judgment, however, is not precluded by any and all issues of fact, but only those which are both genuine and material. "`Genuine' issues of fact, for purposes of Civ.R. 56, are those which are `real, not abstract, frivolous, or merely colorable.'" Craddock v.The Flood Co., 9th Dist. No. 23882, 2008-Ohio-112, at ¶ 18, quotingWeber v. Antioch Univ. (Mar. 8, 1995), 2d. Dist. No. 94-CA-83, at *2. A disputed fact is material if it is an essential element of the claim as determined by the applicable substantive law — one which might affect the outcome of the litigation. Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248; Burkes v. Stidham (1995), 107 Ohio App.3d 363, 371.
 BREACH OF CONTRACT {¶ 10} The Wochnas' first argument is that the trial court erred in granting summary judgment to Mr. Vetovitz and Mr. Mancino on their claims for breach of contract based on breach of the confidentiality clause of the Release.
 {¶ 11} "[A] settlement agreement is a contract designed to terminate a claim by preventing or ending litigation" which may be enforced through a separate action for breach of contract. Catanzaro Sons Daughters,Inc. v. Trio Food Distributors, Inc. (Apr. 27, 2001), 1st Dist. No. C-000584, at *2. See, also, In re All Kelley Ferraro AsbestosCases, 104 Ohio St.3d 605, 2004-Ohio-7104, at ¶ 28; Davis v.Jackson, 159 Ohio App.3d 346, 2004-Ohio-6735, at ¶ 14. Accordingly, the law of contracts applies, and a plaintiff asserting breach of a settlement agreement must establish all of the elements of a breach of contract. *Page 7 
See Rondy, Inc. v. Goodyear Tire Rubber Co., 9th Dist. No. 21608,2004-Ohio-835, at ¶ 7. In order to establish a claim for breach of contract, a plaintiff must demonstrate the existence of an agreement; that the nonbreaching party fulfilled its obligations under the agreement; breach without legal justification; and damages to the nonbreaching party. Lawrence v. Lorain Cty. Community College (1998),127 Ohio App.3d 546, 549.[2]
 {¶ 12} In granting summary judgment to Mr. Vetovitz and Mr. Mancino, the trial court found that "[m]ost of the facts are not in dispute." The trial court then recited "the relevant facts" which, apparently, it determined to be those material to the claims and not in dispute. After explaining the history of the Release and the record created by the parties, the trial court concluded:
 "5. On or about November 12, 2003, a release agreement (Release) was executed by D. Wochna and Vetovitz. It included the terms of the settlement on the Court record including that D. Wochna shall cooperate and assist in a lawsuit to be filed against [the insurer]. The Release also stated that the terms of the Release be kept confidential. *Page 8 
 "6. Mancino prepared a complaint against [the insurer], and after Wochna reviewed it and approved it, Mancino filed the complaint on behalf of Vetovitz and D. Wochna. [The insurer] submitted interrogatories to which D. Wochna provided responses. As part of the discovery process, [the insurer] requested that Mancino provide a copy of the Release, and Mancino complied. [The insurer] was eventually entitled to a copy. No protective order was filed, nor was one requested."
Having determined, albeit implicitly, that no genuine issues of material fact existed, the trial court granted summary judgment on all of the Wochnas' claims based on two conclusions: that the confidentiality of the Release was waived prospectively when the terms that it would ultimately contain were read into the record on September 12th; and that in producing a copy of the Release during discovery, "[t]he Defendants merely carried forward the terms of the Release." In essence, the trial court determined that the confidentiality provision of the Release was a nullity:
 "The hearing memorializing the settlement was a public record which is available to anyone. No effort was made to seal that record. The subsequent Release agreement covering the same settlement terms cannot reasonably have an expectation of confidentiality. Further, the limited disclosure by Mancino to [the insurer's] attorney was necessary and reasonably expected. Also, D. Wochna provided general information concerning the settlement by his responses to the interrogatories."
 {¶ 13} Because a settlement agreement is a contract, we are bound to give effect to the plain meaning of the terms used by the parties. SeeIn re All Kelley Ferraro Asbestos Cases, 2004-Ohio-7104, at ¶ 29. In this case, the language of the Release indicates that the parties intended the confidentiality provision to apply *Page 9 
prospectively from the date that the Release was signed. It is unnecessary to consider the parties' actions outside the four corners of the written Release to discern their intent because when the terms of a settlement agreement are clear and unambiguous, "a court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties." Id. The parties entered into a Release that required confidentiality from the date of execution. Regardless of what may have happened prior to that date, the confidentiality requirement is clear, unambiguous, and enforceable as written.[3]
 {¶ 14} Because the confidentiality provision was enforceable as written, the issue of whether Mr. Mancino and/or Mr. Vetovitz breached the terms of the Release without legal justification is material to the Wochnas' claims. Of particular significance is the question of whether Mr. Wochna authorized the disclosure through his participation in discovery. The record demonstrates that there is a genuine issue of fact with respect to this question. As the trial court noted, Mr. Wochna did "provide general information concerning the settlement by his responses to the interrogatories." With the interrogatory responses that he provided to Mr. Mancino, however, he also provided a cover letter expressing concern about their content: *Page 10 
 "Enclosed herewith please find my draft responses to Defendant's First set of Interrogatories. I have answered the questions as truthfully as possible; however, I do not want my responses to violate my obligations under the settlement of the underlying litigation. Please review these answers and make certain I remain in compliance with the settlement."
 {¶ 15} Having reviewed the record, therefore, this Court concludes that there was a genuine issue of fact with respect to whether Mr. Mancino breached the confidentiality provision of the Release without legal justification. This fact is material to the breach of contract claims brought by the Wochnas. Accordingly, the trial court erred in granting summary judgment to Mr. Vetovitz and Mr. Mancino on those claims.
 LEGAL MALPRACTICE {¶ 16} In order to establish a claim of legal malpractice, a plaintiff must demonstrate a duty owed by the attorney to the plaintiff; performance by the attorney that did not conform to the standard of care; and a causal relationship between the attorney's conduct and damages. Perrine v. Patterson, 9th Dist. No. 22993, 2006-Ohio-2559, at ¶ 13, citing Vahila, 77 Ohio St.3d at 427.
 {¶ 17} As discussed above, there is a genuine issue of fact with respect to whether Mr. Wocha authorized the disclosure of the Release terms to his insurer. Because Mr. Mancino's allegedly unauthorized disclosure is the nucleus of Mr. Wochna's malpractice claim, this fact is also material. In addition, the record demonstrates that there is conflicting evidence regarding the existence of an attorney-client relationship between Mr. Wochna and Mr. Mancino. We note *Page 11 
particularly that in his deposition, which was filed under seal with the trial court, Mr. Mancino claimed that Mr. Wochna was a necessary party to the lawsuit against his insurer, but that he was not a client for purposes of prosecuting that claim. In light of these genuine issues of material fact, the trial court erred in granting summary judgment to Mr. Mancino on Mr. Wochna's legal malpractice claim.
 UNJUST ENRICHMENT {¶ 18} "A successful claim of unjust enrichment requires that: (1) a benefit has been conferred by a plaintiff upon a defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." Chef Italiano v. Crucible Development Corp., 9th Dist. No. 22415, 2005-Ohio-4254, at ¶ 26. When there is an express contract related to the same subject matter, however, a claim for unjust enrichment cannot be sustained. Champion Contracting Constr. Co., Inc.v. Valley City Post No. 5563, 9th Dist. No. 03CA0092-M, 2004-Ohio-3406, at ¶ 25-26.
 {¶ 19} There is no dispute regarding the fact that Mr. Vetovitz, the Wochnas, Dynamic Coatings, and Industrial Coating Applications entered into a written Release that set forth their obligation to maintain the terms of the settlement in confidence. Because the Release is an express agreement covering *Page 12 
this subject matter, the Wochnas could not sustain a claim for unjust enrichment. The trial court did not err in granting summary judgment on those claims.
 {¶ 20} The Wochnas' first assignments of error are sustained with respect to their claims of breach of contract and Mr. Wochna's claim of legal malpractice because there are genuine issues of material fact. Their assignments of error are overruled with respect to their claims for unjust enrichment.
 Donald Wochna's Second Assignment of Error:
 "The court erred in not granting Donald Wochna's motion for summary judgment."
 Linda Wochna, Dynamic Coatings, and Industrial Coating Applications' Second Assignment of Error:
 "The court erred in not granting Plaintiffs-Appellants' motion for summary judgment."
 {¶ 21} In their second assignments of error, the Wochnas argue that the trial court should have granted summary judgment to them on each of the claims discussed above. This Court's resolution of their first assignments of error is dispositive of their second assignments of error as well. Because there are genuine issues of fact with respect to their claims for breach of contract and Mr. Wochna's claim for legal malpractice, summary judgment was not appropriate on those claims and their second assignments of error are without merit in that regard. Having determined that summary judgment was properly granted to Mr. Vetovitz and Mr. Mancino on the unjust enrichment claims, this aspect of the Wochnas' second assignments of error is moot. *Page 13 
 {¶ 22} The Wochnas' second assignments of error are overruled.
 II. THE CROSS-APPEALS {¶ 23} For ease of disposition, Mr. Vetovitz's second and third assignments of error are addressed in reverse order. His first assignment of error is addressed with Mr. Mancino's assignment of error.
Mr. Vetovitz's Third Assignment of Error:
 "The trial court erred in granting summary judgment against Vetovitz in finding that the plaintiff/cross appellees did not breach the terms of the 2001 [settlement]."
 {¶ 24} "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v.Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. Accordingly, App.R. 16(A)(7) provides that the brief of an Appellant must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." See, also, Loc.R. 7(A)(7). This court may disregard an assignment of error that is not presented in accordance with this rule. See App.R. 12(A)(2).
 {¶ 25} Mr. Vetovitz's argument with respect to his third assignment of error consists of one paragraph that contains neither citations to the record nor references to the authorities upon which the alleged error rests. Mr. Vetovitz has *Page 14 
failed to demonstrate any error by the trial court, and his third assignment of error is overruled.
Mr. Vetovitz's Second Assignment of Error:
 "The trial court erred in granting summary judgment with respect to Vetovitz' abuse of process claim."
 {¶ 26} Mr. Vetovitz's second assignment of error is that the trial court erred in granting summary judgment to the Wochnas on his claim that they "perverted" these proceedings "to attempt [t]o accomplish the ulterior purpose of causing damage to Vetovitz through his incurring additional unnecessary legal fees and defending himself in the above lawsuit, and trying to prevent him from receiving the damages he is entitled to from the 2001 Litigation." In other words, Mr. Vetovitz's position is that "this lawsuit constitutes an abuse of process." In support of his claim, Mr. Vetovitz points to Mrs. Wochna's hostility towards him as reflected in her deposition testimony, which is undisputed.
 {¶ 27} To establish a claim of abuse of process, a plaintiff must demonstrate "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." Robb v. Chagrin Lagoons Yacht Club, Inc. (1996),75 Ohio St.3d 264, 270, quoting Yaklevich v. Kemp, Schaeffer Rowe Co.,L.P.A. (1994), 68 Ohio St.3d 294, 298. Malicious motives, however, do not establish abuse of process. Kremer v. Cox (1996), *Page 15 114 Ohio App.3d 41, 51 (concluding that an abuse of process claim is not established when the conduct of which the plaintiff complains is the act of filing the complaint itself.) Because the conduct of which Mr. Vetovitz complained is the Wochnas' action in filing this litigation itself, the trial court did not err in granting summary judgment to them on his claim for abuse of process.
 {¶ 28} Mr. Vetovitz's second assignment of error is overruled.
 Mr. Vetovitz's First Assignment of Error:
 "The trial court erred in granting summary judgment against Vetovitz as to his frivolous conduct claim."
 Mr. Mancino's Assignment of Error:
 "The trial court erred in denying summary judgment in favor of Paul Mancino on his counterclaim for the filing by [the Wochnas] of this frivolous action."
 {¶ 29} Mr. Vetovitz's and Mr. Mancino's remaining assignments of error are that the trial court erred by granting summary judgment to the Wochnas on their claims that the Wochnas' causes of action are frivolous. We note, as an initial matter, that R.C. 2323.51 does not create a separate cause of action for frivolous conduct. Shaver v.Wolske Blue (2000), 138 Ohio App.3d 653, 673. Instead, "at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The *Page 16 
court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct[.]" R.C.2323.51(B)(1).
 {¶ 30} Because material issues of genuine fact preclude summary judgment on the Wochnas' claims of breach of contract and Mr. Wochna's claim for legal malpractice, it follows that the matter of attorney's fees is premature at this time. More specifically, this Court notes that the matter of damages, which is beyond the scope of this opinion, is unresolved but potentially relevant to a determination of the merits of the frivolous conduct allegations. Mr. Vetovitz's first assignment of error and Mr. Mancino's sole assignment of error are sustained to the extent that summary judgment should not have been granted to the Wochnas on the matter of frivolous conduct.
 CONCLUSION {¶ 31} Mr. Wochna's first assignment of error is sustained with respect to his claims of breach of contract and legal malpractice, but overruled with respect to his claim of unjust enrichment. His second assignment of error is also overruled. Ms. Wochna, Dynamic Coatings, Inc., and Industrial Coatings Applications' first assignment of error is sustained with respect to their breach of contract claim, but overruled with respect to their unjust enrichment claim. Their second assignment of error is also overruled.
 {¶ 32} Mr. Vetovitz's first assignment of error is sustained. His second and third assignments of error are overruled. *Page 17 
 {¶ 33} Mr. Mancino's assignment of error is sustained to the extent that he argues that the trial court incorrectly granted summary judgment to the Wochnas, but overruled to the extent that he argues that the trial court should have granted summary judgment in his favor instead.
 {¶ 34} The judgment of the trial court is affirmed in part and reversed in
part, and this cause is remanded to the trial court for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 18 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to all parties equally.
WHITMORE, J. DICKINSON, J. CONCUR
[1] The settlement also resolved claims asserted by Mr. Wochna against Mr. Vetovitz in a separate matter.
[2] Although nominal damages may be awarded for breach of contract under certain conditions, damage to the nonbreaching party remains an element that must be proven. See, generally, DeCastro v. Wellston CitySchool Dist. Bd. of Edn. (2002), 94 Ohio St.3d 197 (retaining damages as an element of a breach of contract claim that must be pled and permitting an award of nominal damages if a breach is proved at trial while acknowledging "puzzlement" with the rule among courts). The significance of DeCastro for purposes of summary judgment is also limited. Id. at 202 (noting that the plaintiff in that case "acknowledged at the outset that no economic damage occurred * * * [and] did not demand injunctive relief or specific performance but specifically requested an award of compensatory damages[.]")
[3] The fact that the terms of the settlement were placed on the record in open court may be relevant to the trial court's determination of whether the Plaintiffs have demonstrated that they were damaged, if it is determined that a breach in fact occurred. *Page 1