OPINION *Page 2 
{¶ 1} The plaintiff-appellant, Rod Parsell, D.D.S., appeals the judgment of the Napoleon Municipal Court Civil Division granting judgment to the defendant-appellee, Teodoro Martinez. On appeal, Parsell contends the trial court erred by improperly placing the burden of proof on him and by finding that he failed to prove damages. For the reasons stated herein, the judgment of the trial court is affirmed.
 {¶ 2} Parsell is licensed to practice dentistry in the state of Ohio and provided services to Martinez. On December 15, 2006, Martinez attended a scheduled appointment at Parsell's office to request the extraction of his upper teeth and the fitting of dentures. How much work Parsell performed on December 15 was disputed by the parties. Parsell alleges that he performed a comprehensive exam and a prophy; that he made impressions of Martinez's teeth; and that "extensive jaw relations [were] taken to determine" how Martinez's jaws closed. Parsell states that Martinez selected the size and shade of teeth he preferred for his dentures, and an appointment was scheduled for the extraction of the upper teeth and the delivery of the new dentures, which would be manufactured by a third-party laboratory. Parsell claims that Martinez cancelled a January 3, 2007 appointment and rescheduled it for January 9, 2007; however, on that date, Martinez called the office and indicated that he did not want to pay the insurance *Page 3 
co-pay for the dentures. Parsell alleges that Martinez called his office on January 10, 2007 and made an appointment for January 11, 2007, which he subsequently cancelled.
 {¶ 3} Martinez states that on December 15, 2006, Parsell "took the measurements necessary for the forms to be completed for the dentures[,]" and Parsell informed him he would need to pay $530 before the dentures would be made. Martinez claims he contacted his wife by telephone to determine whether they could afford the payment. Having determined that the payment was not within their budget, Martinez "specifically instructed Dr. Parsell to not make the denture forms and to not take any further steps to manufacture the dentures." Martinez alleges that his wife spoke with Parsell over the phone and provided similar instructions. Martinez claims that Parsell proceeded to have the forms made and had the dentures manufactured in spite of his contrary instructions.
 {¶ 4} On May 10, 2007, Parsell filed a statement of claim in Napoleon Municipal Court Small Claims Division case number 07CVI153. Parsell requested judgment in his favor of $777.76 plus 8% interest from May 10, 2007 and court costs. On May 21, 2007, Martinez requested a transfer from the Municipal Court Small Claims Division to the Civil Division, which was granted. Martinez filed an answer. A bench trial was held on October 3, 2007. Parsell testified on his own behalf, called Joellen Ritzert, one of his employees, as a *Page 4 
witness, and moved four exhibits into evidence. Martinez testified on his own behalf, introduced the testimony of his wife, Deb Martinez, and moved two exhibits into evidence. The trial court took the matter under advisement and subsequently issued judgment in favor of Martinez. Parsell appeals the judgment of the trial court, asserting two assignments of error for our review.
 First Assignment of Error The trial court erred in its decision that the plaintiff failed to meet its burden of proof that the defendant consented to treatment.
 Second Assignment of Error The trial court erred in its decision that there was no testimony as to the value of the service provided by the plaintiff.
 {¶ 5} In support of his first assignment of error, Parsell contends the patient has the burden of proving that the patient had not given informed consent pursuant to R.C. 2305.11(D)(3). Parsell essentially argues that Martinez did not refuse to proceed until after the dentures had been manufactured, and that Martinez bore the burden at trial of proving that he had withdrawn his consent at an earlier time in the process. In response, Martinez claims that R.C. 2305.11(D)(3) is a "red herring." Martinez asserts that the statute establishes the burden of proof in a medical malpractice claim, and this litigation is simply an action on an account. Martinez contends that an action on an account is improper unless the plaintiff can prove that the parties had a contract, and in this case, *Page 5 
Parsell cannot prove the existence of a contract for the manufacture of the dentures.
 {¶ 6} Apparently, the parties have mistakenly directed us to an incorrect statute. R.C. 2305.11 sets forth the statute of limitations for certain causes of action, none of which are presented by this case. Furthermore, the statute does not contain a subsection (D). It appears that Parsell intended to cite R.C. 2305.113(D)(3), which sets forth the statute of limitations for dental claims. A "dental claim" is defined as:
 any claim that is asserted in any civil action against a dentist, or against any employee or agent of a dentist, and that arises out of a dental operation or the dental diagnosis, care, or treatment of any person. "Dental claim" includes derivative claims for relief that arise from a dental operation or the dental diagnosis, care, or treatment of a person.
R.C. 2305.113(E)(6). Clearly, a dentist cannot be the plaintiff of a "dental claim," and in this case, Parsell, the dentist, was the plaintiff. Furthermore, R.C. 2305.113(D)(3) established the patient's burden of proof concerning only the statute of limitations and the discovery of the alleged injury. The statute is irrelevant to the determination of implied consent to receive treatment. Parsell's argument is without merit, and the first assignment of error is overruled.
 {¶ 7} In the second assignment of error, Parsell contends that the trial court erred when it determined he had not proved the reasonable value of services performed. Parsell asserts that Martinez admitted at trial to authorizing the *Page 6 
services performed by Parsell on December 15, 2006. Parsell argues that the court had before it Plaintiff's Exhibit 1, which showed charges of $834 incurred by Martinez on December 15, 2006. The court also had before it Plaintiff's Exhibit 2, which was a bill in the amount of $283.79 from the laboratory that manufactured the dentures. Parsell claims that simply subtracting the cost of dentures from the total bill provides the court with the reasonable cost of services performed; $550.21. In response, Martinez contends Parsell has merely shown his "account" and the lab charges. Martinez argues that "[i]t is a stretch to assume that these two documents are evidence that Dr. Parsell's charges were the difference in the two amounts." Martinez also claims that his insurance provider paid Parsell for the work he had been authorized to perform.
 {¶ 8} As noted by Martinez, Parsell's complaint states an action on an account.
 "`An action on account is founded upon contract, and exists to avoid the multiplicity of suits that would be necessary if each transaction between the parties would be construed as constituting a separate cause of action. The cause of action exists only as to the balance that may [be] due one of the parties as a result of the parties' transactions, and not as to each item of the account. Civ.R. 10(D) requires that a copy of an account be attached to the complaint.'"
The Marysville Newspapers, Inc. v. The Delaware Gazette Co., Inc., 3d Dist. No. 14-06-34, 2007-Ohio-4365, at ¶ 26, quoting FCMP, Inc. v.Alegre, Inc., 2d Dist. No. 21457, 2007-Ohio-132, at ¶ 19, quotingRumpke v. Acme Sheet and Roofing, *Page 7 Inc. (Nov. 12, 1999), 2nd Dist. No. 17654; citing, Harvest Land Co-Op,Inc. v. Wolter, 2nd Dist. No. 1654, 2005-Ohio-6258.
 "`An account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due.'"
Id., quoting Gabriele v. Reagan (1988), 57 Ohio App.3d 84, 87,566 N.E.2d 684, quoting Brown v. Columbus Stamping Mfg. Co. (1967),9 Ohio App.2d 123, 223 N.E.2d 373, paragraph three of the syllabus. See alsoFCMP, at ¶ 20; Rumpke.
 {¶ 9} Before we begin any analysis of the merits of the second assignment of error, we must note that Parsell failed to provide a transcript of the trial for our review as required by App.R. 9(A). As such, we must presume regularity in the proceedings of the trial court.Burrell v. Kassicieh (1998), 128 Ohio App.3d 226, 232, 714 N.E.2d 442, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384.
 {¶ 10} The trial court, after hearing the evidence, stated the following in its judgment entry:
 There is no dispute that on the 15th day of December, 2006 that impressions were taken for making the dentures. The dispute centers on what was said next. *Page 8 
 The plaintiff contends that the defendant consented to going forward with the dentures, the impressions were taken, sent to the lab and an appointment was set to perform the extractions and fit the dentures on January 6, 2007.
 The defendant contends once the impressions were made he was informed that he would owe $530.00 before the impressions would be sent to the lab to be made. Teodoro Martinez contends that he called his wife from the office of Dr. Parsell to determine if there would be funds available in her flexible spending account. After this discussion the defendant contends that he told Dr. Parsell not to do anymore as he did not have the money. Dr. Parsell did in fact proceed with sending the impressions to the lab and the dentures were made and his office was billed for them by Dresch Tolson Dental Laboratories.
 The defendant never appeared for the appointment to have the dentures fitted.
 Joellen Ritzert, the office assistant of Dr. Parsell, understood that they were to go forward with the dentures and that Mr. Martinez seemed to be in general approval with this procedure. She admits she was not present for all of the conversations.
 Deb Martinez, the wife of the defendant confirms the telephone conversation that she had with both her husband and Dr. Parsell on the 15th of December 2006 and that they could not afford to do the dentures at that time if payment was due then instead of after insurance paid.
 Teodoro Martinez testified that he told Dr. Parsell not to go forward with any further work on the dentures on the 15th day of December and that he never scheduled any other appointments with Dr. Parsell's office thereafter.
 Dr. Parsell testified that he could not remember the phone conversation with Mrs. Martinez.
 The phone records provided by the defendant showed three separate phone calls between Mrs. Martinez's place of work and *Page 9 the defendant's cell phone on or about the time of the appointment on the 15th of December, 2006.
 After reviewing the facts as set forth the plaintiff has failed to meet is [sic] burden of proof that defendant had in fact consented to the impressions to be sent to the laboratory and have the dentures produced. There was no testimony as to the value of the service by Dr. Parsell on the 15th of [December], 2006 by taking the impressions.
(J. Entry, Oct. 3, 2007, at ¶ 5-13).
 {¶ 11} While the trial court's judgment entry discusses the testimony, it does not mention the exhibits submitted by the parties, which were attached to the trial court's first judgment entry filed on October 3, 2007. The first judgment entry simply indicates the nature of the case, the parties, the witnesses and how many exhibits were admitted into evidence. The entry also states that the court would take the matter under advisement. Rather than attaching the trial exhibits to any prepared transcript, they were attached to the court's judgment entry and are part of the record.
 {¶ 12} Plaintiff's Exhibit 1 indicates that prior to December 15, 2006, Martinez had paid his balance in full. The exhibit shows that on December 15, 2006, Parsell performed the following services for Martinez: "Comp oral eval — new/estab pat; prophylaxis — adult; and immediate denture — maxillary." The oral evaluation was $30, the prophylaxis was $44, and the immediate denture was $760. Plaintiff's Exhibit 1 also indicates that on January 6, 2007, Martinez's *Page 10 
insurance company paid $74 to Parsell, leaving a balance due of $760. The insurance money appears to be payment for the oral evaluation and the prophylaxis. Plaintiffs Exhibit 2 is a copy of an invoice sent to Parsell by Dresch Tolson Dental Laboratories. The invoice shows seven charges totaling $283.79.
 {¶ 13} Since we do not have the transcript before us, we do not know what testimony was brought forward at trial to show which services were included as part of the "immediate denture — maxillary." Regarding the charges for the "immediate dentures — maxillary," we do not know which charges were for services that had already been provided and which charges were billed in advance for services that were never provided. The trial court determined that Parsell had made impressions of Martinez's mouth, which would be at least part of the charge, and we know that the amount of the invoice from the lab is included in the dentures charge. What we do not know is whether any other services were included in the dentures charge. The trial court's judgment entry essentially stated that Parsell was entitled to payment for the impressions he made on December 15, 2006, but that he failed to prove the reasonable cost of that service. Having no transcript before us, we cannot disagree as Parsell has failed to list the items giving rise to the overall dentures charge on the account. From the exhibits produced by Parsell, and based on the trial court's findings of fact, it is not possible to calculate the amount claimed to be due. While the trial court could *Page 11 
have ordered nominal damages in Parsell's favor for the impressions he made, its failure to do so is not reversible error. See generallyDeCastro v. Wellston City Sch. Bd. of Edn., 94 Ohio St.3d 197, 199-201,2002-Ohio-478, 761 N.E.2d 612 (ordinarily, if a plaintiff establishes breach of contract but fails to prove damages, an appellate court should not remand the case for the trial court to award nominal damages.). The second assignment of error is overruled.
 {¶ 14} The judgment of the Napoleon Municipal Court Civil Division is affirmed.
Judgment affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1