[Cite as *Habegger v. Owens Community College*, 2017-Ohio-8180.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tiffany Habegger et al., | : | |
| Plaintiffs-Appellants, | : | |
| v. | : | No. 17AP-297 |
| | | (Ct. of Cl. No. 2010-07865) |
| Owens Community College, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |
| | : | |
| Tiffany Habegger et al., | : | |
| | | No. 17AP-301 |
| Plaintiffs-Appellees, | : | (Ct. of Cl. No. 2011-09187) |
| | : | |
| Carianne Baird et al., | : | (REGULAR CALENDAR) |
| | | |
| Plaintiffs-Appellants, | : | |
| v. | : | |
| Owens Community College, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 12, 2017

**On brief:** *Charles E. Boyk Law Offices, LLC, Michael A. Bruno* and *Charles E. Boyk*, for appellants. **Argued:** *Michael A. Bruno.*

**On brief:** *Michael DeWine*, Attorney General, *Christopher P. Conomy, Randall W. Knutti* and *Velda K. Hofacker*, for appellee. **Argued:** *Christopher P. Conomy.*

APPEALS from the Court of Claims of Ohio

TYACK, P.J.

{¶ 1}   Tiffany Habegger, Carianne Baird and related parties are appealing from the summary judgment granted in their lawsuit against Owens Community College.  They assign a single, lengthy error for our consideration:

> The trial court erred when it granted the Motion for Summary Judgment of the Defendant-Appellee because the trial court bifurcated the case as to the issues of liability and damages, the parties are presently solely litigating the issue of liability as to the existence of a contract and breach, the trial court has determined that there was a contract and that Defendant–Appellee breached the contract, yet the trial court improperly awarded Defendant-Appellee summary judgment based solely upon a "lack of damages" argument during this liability-only phase of the case – which is all the more improper given that Plaintiffs have produced voluminous evidence of their damages despite this being the liability-only phase of the case.

{¶ 2}   Habegger and Baird each filed lawsuits purporting to present the interests of several nursing students against Owens Community College, a state entity.  Their attempts to make the lawsuits class actions were unsuccessful.

{¶ 3}   The Court of Claims of Ohio ordered that the issues of liability be addressed separately.  In legalese, the court ordered that the issue be bifurcated for trial.

{¶ 4}   In 2015, the Court of Claims granted summary judgment on behalf of Owens Community College.  A direct appeal resulted and we reversed, remanding the case for further proceedings.

{¶ 5}   The Court of Claims granted summary judgment a second time, resulting in the present appeal.

{¶ 6}   The underlying issue in this case is the fact that Owens Community College lost its accreditation from the National League for Nursing Accrediting Commission ("NLNAC") as a result of not employing sufficient faculty with graduate degrees in nursing and as a result of not keeping adequate records.  However, Owens Community College retained accreditation with the Higher Learning Commission.  Also, the nursing program was still approved by the Ohio Board of Nursing, which meant graduates of the Owens

Community College nursing program could still take the examination necessary for licensure as a registered nurse ("RN") in Ohio.

{¶ 7}   The Court of Claims granted summary judgment as to several nursing students because their academic challenges resulted in their not being accepted into the RN program at Owens Community College.  These students clearly have no claim for breach of contract based on a theory that Owens Community College had contracted to maintain all its accreditations.

{¶ 8}   Several other students enrolled in the RN program, but did not successfully complete it.  Still more students failed the examination for licensure.  These two groups of students did not have a breach of contract.  Owens Community College could only promise to offer the opportunity for licensure.  Owens Community College could not and did not guarantee that its nursing students would become licensed RNs.

{¶ 9}   However, some of the nursing students did successfully complete the program at Owens Community College and did pass the exam.  As to these students, the Court of Claims should have conducted separate damage proceedings to determine if the students were harmed financially by the loss of the one accreditation.  As to this last group of students, the Court of Claims was wrong to grant summary judgment.

{¶ 10} We note that the Court of Claims did not grant the class certification sought on behalf of the nursing students.  As a result, the prior decision of this appellate court as to the parties specified that we were remanding the case to the Court of Claims to ascertain as to each appellant whether Owens Community College breached a contract by losing its NLNAC certification.  We did not contemplate that the Court of Claims would finalize the case based on the issue of damages, which were reserved for later proceedings.  Indeed, the plaintiffs are entitled to pursue additional discovery and acquire additional evidence on that issue.  The proceedings had been bifurcated with the mere fact of a breach to be addressed initially and the harm suffered as a result of the breach to be addressed later.  The majority of this panel does not find that harm is an essential element in the failure of a party to abide by the agreement between the parties.  Some breaches may involve only minimal damages.  Some breaches may involve significant damages.

{¶ 11} We therefore sustain the assignment of error as to the last group of students.  We affirm the summary judgment as to the other students discussed above,

namely those who did not successfully complete the nursing program at Owens Community College and/or did not pass the required nursing examinations.

{¶ 12} The sole assignment of error is sustained in part and overruled in part.  The case is remanded to the Court of Claims of Ohio for further proceedings consistent with this decision.

*Judgment affirmed in part and reversed in part; cause remanded for further proceedings.*

BRUNNER, J., concurs.
LUPER SCHUSTER, J., dissents.

LUPER SCHUSTER, J., dissenting.

{¶ 13} Because I believe this court's prior decision in *Baird v. Owens Community College*, 10th Dist. No. 15AP-73, 2016-Ohio-537 controls the scope of the issues presented in this case, I respectfully dissent.

{¶ 14} Though the majority states "[w]e did not contemplate that the trial court would finalize the case based on the issue of damages," in our decision in *Baird*, we reversed the judgment of the Court of Claims and remanded the matter to that court to determine (1) whether appellee breached a contract with each individual student, and (2) whether such breach caused damages, including those for diminished earning capacity. *Baird* at ¶ 28.  In *Baird*, we relied on the Supreme Court of Ohio's decision in *DeCastro v. Wellston City School Dist. Bd. of Edn.*, 94 Ohio St.3d 197 (2002), which stated "summary judgment may be granted  to the defendant in a breach-of-contract case where the plaintiff has failed to provide evidence of economic damages resulting from a breach of contract."  *Id.* at 201.  Because our remand order in *Baird* limited the review to breach of contract and diminished earning capacity but rejected the other claims for damages, we must have intended the trial court on remand to review the evidence already in the record in determining whether the plaintiffs had proved damages for diminished earning capacity.

{¶ 15} The majority additionally states that the trial court's bifurcation of the matters of liability and damages somehow precluded the trial court from considering damages as an element of breach of contract.  However, this conclusion is not supported by our remand order in *Baird* and the pertinent case law on breach of contract claims.  Damage, or harm, is an essential element of a breach of contract claim.  *See, e.g.,*

*Pertoria, Inc. v. Bowling Green State Univ.*, 10th Dist. No. 13AP-1033, 2014-Ohio-3793, ¶ 21, quoting *State Dept. of Dev. v. Matrix Centennial, LLC*, 10th Dist. No. 14AP-47, 2014-Ohio-3251, ¶ 16 (" 'For a breach of contract claim, several elements must be present: the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.' ").  The majority decision seems to conflate the issue of calculation of exact damages with the element of damage, or harm, required to succeed on a breach of contract claim.

{¶ 16} Following the limits of our remand order in *Baird*, I would conclude the trial court correctly granted summary judgment in favor of Owens Community College in the present case.  For these reasons, I respectfully dissent.

———————