**IRVIN**

v.

**SMITH.**

Court of Common Pleas of Ohio,
Summit County.

No. CV 92 12 4461.

Decided Oct. 4, 1993.

---

*Robert M. Thompson,* for plaintiff Doris Irvin.

*Jacob L. Reich,* for defendant Jimmie Smith.

MARY F. SPICER, Judge.

Plaintiff Doris Irvin,
By and through her Complaint,
Alleges that one Jimmie Smith,
Apparently not quite a Saint,
Wooed her from her calling—
Missionary for her church;
Promised her the aisle,
Then left her in a lurch.

Our story starts at a Plaza,
Arlington, to be precise,
Where, by chance, the within parties met,
And Jimmie began his artifice.
Doris disdained conversation
With married and unknown men;
Jimmie decried his marital status
And suggested that they meet again.

Doris, intrigued and enchanted,
Agreed to Jimmie's invite.
The two met for dinner the next evening,
And so began a most memorable night.
Jimmie asked Doris to marry,
As soon as his divorce was complete.
Doris responded with yeses,
And prepared for the marital feat.

Now Jimmie, imbued with the season,
Brought Doris, on Saint Valentine's day,
Candies and gifts and good wishes,
And amoré, to give and to say.
In June, on the seventh, he came to her home,
And mentioned to Doris' daughter dear,
That he intended to marry her mother,
Always to have her draw near.

The couple attended that evening to dinner
At a place called Old Country Buffet,
Where Jimmie was introduced to daughter Bridgette
And her husband—possibly over sorbet.
Jimmie professed to this daughter,
To her mother he soon would be wed.

The husband, well within earshot,
Assented by nodding his head.

Doris began making plans for the wedding,
And assembled her loving trousseau.
The divorce, to be final the last day of August—
A November date—not far to go.
Doris met with her minister
To confirm her wedding date plans,
And made it known to her neighbors and friends
Of her impending nuptial bans.

On the thirteenth of August, at Jimmie's request,
Doris went to his east Akron dome.
He informed her that the betrothal was off,
As his estranged wife was soon coming home.
He offered condolence in counselling,
Due to Doris' enraged state of mind,
And said that he needed a wife at his home,
Not a "street woman" (being rather unkind).

Doris says that Jimmie related
That his wife was away, not estranged,
That she spent a few months in Alabama,
On a vacation that had been prearranged.
And that Jimmie, on August the fourteenth,
Alleging threats and harassment,
Reported Doris to Akron Police,
Attempting to cause her embarrassment.

Doris says that her former beau's blandishment
Has hurt her in numerous ways.
That his intentional infliction of emotional distress
Sent her into an emotional daze.
She has markedly increased hypertension,
And suffered the loss of some weight.
Her appetite seems to be somewhere else,
And her embarrassment will not abate.

Doris says that Jimmie's enticements
Lured her into his board and his bed—
That his promise of nuptial happiness
Made her act from her heart, not her head.
Doris says that this Jim should be punished
For using and abusing her trust,

And asks in her prayer as advanced to the Court,
For Fifty Thousand, or whatever is just.

Now Jimmie has moved for dismissal,
Saying Doris hasn't stated a claim,
He believes that Doris should take nothing,
With nothing besmirching his name.
Jimmie plaintively asks that the Court,
In reviewing the matter herein,
Consider the state of the evidence,
Then promptly do Doris' case in.

█ In order to grant a dismissal,
The Court must accept as true,
The factual allegations in the complaint,
And all inferences made thereto.[1]
Moreover, the Court must determine,
With a finding that is beyond doubt,
That the Plaintiff can prove no set of facts,
To flesh the Plaintiff's case out.[2]

█ The Court determines upon proper review
That Doris' complaint is an amatory action;
That the same is barred by R.C. 2305.29,
And thus denies Doris satisfaction.[3]
The Ohio Supreme Court has also determined
That this action cannot be revived
By the allegation of in independent tort[4]
And that nothing thereby has survived.[5]

---

1. See *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755.

2. See *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224–225, 327 N.E.2d 753, 755.

3. R.C. 2305.29 states:
   "No person shall be liable in civil damages for any breach of affections, or criminal conversation, and no person shall be liable in civil damages for seduction of any person eighteen years of age or older who is not incompetent, as defined in section 2111.01 of the Revised Code."

4. Intentional infliction of emotional distress.

5. See *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 527 N.E.2d 1235. The court also held that couching such a claim as a fraud or misrepresentation does not find it subject to a claim for damages under R.C. 2305.29. *Id.* at 216, 527 N.E.2d at 1243.

And so closes this sad story,
At least in the books of the Court,
As the Court finds that Plaintiff has not alleged
That which is an actionable tort.
The within cause is hereby ordered dismissed
With the Plaintiff bearing the cost,
And with this advice in the parting,
Love never won can't be lost.

*It is so ordered.*