JOE HAND PROMOTIONS, Plaintiff,

v.

SPORTS PAGE CAFE, INC., d/b/a Sports Page Cafe, Thomas Russo, Joseph V. Maio, 40 3rd Street Corp., d/b/a Lajas Night Club, Las Marvalillas, Inc., d/b/a Las Maravillas, Inc., Manuel Rodriguez, Beerball, Inc., d/b/a Domyon's Courtside Pub, Richard L. Ruberto, Quinones, Inc., d/b/a Hector's Sports Bar, Hector Quinones, United Puerto Rican Council, d/b/a United Puerto Rican Council, Virginia Martinez, Frances Velazguez, and Filomena Aponte, Defendants,

United Puerto Rican Council d/b/a United Puerto Rican Council, Counter–Claimant.

Civil Action No. 95–5109.

United States District Court, D. New Jersey.

Aug. 15, 1996.

Alan Gelb, Cherry Hill, NJ, for Plaintiff.

Walter J. Tencza, Passaic, NJ, for Defendants Beerball, Inc., t/a Domyon's Courtside Pub; Richard L. Ruberto; Las Maravillas, Inc.; Manny Rodriguez; and Hector's Sports Bar and Hector Quinones.

POLITAN, District Judge.

Before the Court comes a matter of moment
Deserving of lengthy, unusual comment.
Sanctions are sought in various forms
For alleged violations of discovery norms.

Defendants [1] are asking that this Court now impose
Sanctions on plaintiff who failed to disclose
Materials they say are vital to their case,
If plaintiff's claims they must eventually face.

The matter arises from the alleged display
Of a boxing match, which plaintiff does say
The defendants screened while not bothering to pay,
Which they oughtn't to do, but they did anyway.

The genesis happened on an April night [2]
When plaintiff promoted a boxing fight

1. The moving defendants herein are Beerball Inc. T/A Domyon's Courtside Pub, Richard L. Ruberto, Las Maravillas Inc., Manny Rodriguez, Hector's Sports Bar, and Hector Quinones.

2. Specifically, April 8, 1995.

And transmitted it live for the usual fee
For paying subscribers to watch on T.V.

The bout was between Messrs. Holmes and McCall
Whose pugilistic talents are well-known to all.
The match evoked international attention
But the outcome herein shall go without mention.

Defendants allegedly exhibited the match
In their respective taverns for their patrons to catch.

Plaintiff's complaint is based on that section
Installed in the Code for easy inspection
Which forbids such transmissions, recorded or live:
47 U.S.C. Section 605.[3]

Plaintiff, the promoter, is asserting his right
To receive compensation for transmitting the fight.
On the night in question plaintiff sent out
Detectives to find who was showing the bout
Without paying for the privilege as they properly ought
In the vain expectation that they wouldn't be caught.

Investigator Mesis was among the hired legions
Who searched for non-payers in several regions.[4]
He sought out bar-owners at many locations
To detect, if he could, ongoing violations
Of Section 605, i.e., screening the fight
Without paying their dues as they ought to, of right.

On detecting a sponger at each new location
He'd vacate the premises and begin recitation
Of his recent detections on a micro-recorder
Or he'd jot down his notes—we're not sure of the order.[5]
He later transcribed these in legible form;
Then mislaid the cassette(s), as may well be the norm.[6]

So his taped observations are no longer around
Be they lost or destroyed, they cannot be found,
Because Mesis transcribed and failed to preserve them
Or otherwise keep them, or hold or conserve them.
So now come defendants with their formal epistle [7]
Seeking several sanctions, including dismissal;

Or, alternatively, they ask for a jury instruction
Adversely inferring intended destruction
Of relevant evidence; or else that the Court
Preclude any mention of the Mesis report;

---

3. 47 U.S.C. § 605(e)(3)(C)(i)(II) permits one injured under Section 605(a) to "recover an award of statutory damages for each violation ... in a sum not less than $1,000 or more than $10,000...." Section 605(e)(3)(C)(ii) permits enhancement of each award by as much as $100,000 per violation on a finding that it was "committed willfully and for the purpose of direct or indirect commercial advantage or private financial gain...."

4. *See* Exhibit A to Plaintiff's Opposition Brief, page 4, lines 10–12.

5. *See* Mesis' deposition transcript, pp. 6–7.

6. *Id.* at page 7.

7. *See* Defendants' Letter Brief in Support of Motion to Dismiss, for Sanctions, for Suppressing Testimony and Evidence, and for Drawing an Adverse Inference at Trial.

And, finally, they ask—along with preclusion—
That monetary fines be imposed in profusion.[8]

The Court, however, must now be objective
Because sanctions imposed are always elective [9];
As a judicial measure they're not taken lightly—
Imposed only sparingly, fairly and rightly.[10]
In the instant case the horse has not bolted;
The status quo has merely been jolted.

With Mesis deposed, his notes readily available
His memory processes are clearly assailable.
The lawyers have failed to brief the concern
As to what, if anything, the jury might learn
About Mesis' notes—be they paper or taped;
Be they celluloid, crumpled, or curiously shaped.[11]

Counsel fail to acknowledge the rules of admission
Which ever have governed evidential submissions.[12]
As such, thus, and therefore, and ergo, and hence,
The Court cannot presently rule for defense.
Was this spoliation? [13]  Or a calculated ruse
Designed to obstruct, to mislead, and confuse
The Court and the jury in their search for what's true?
Or was it maybe an innocent simple snafu?
The Court is not satisfied that perfidious antics
(Rhyme is not easy—excuse the semantics)
Are afoot and affecting the within litigation—
Not the most monumental in the courts of the nation.

Therefore, the Court is now forced to conclude
That, with all of the parties' submissions reviewed,[14]
Insufficient showing has thus far been made
That Mesis, the investigator, intentionally strayed
From the 'sacrosanct' rule that the tapes be preserved
And then, in discovery, appropriately served
Upon the defendants deserving of same.
These are the longstanding rules of the game.

But sometimes the Court is asked to decide
If a party has intentionally plotted to hide
Relevant evidence the other side needs
To disprove allegations of civil misdeeds.

---

**8.** *Id.* Presumably, defendants' motion is premised upon Fed.R.Civ.P. 37. The Court notes, additionally, that the sanction of dismissal is particularly severe and ought to be employed only sparingly. *See, e.g., Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir.1988), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 786, 102 L.Ed.2d 777 (1989). *See also Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984) (listing six factors to consider in imposing sanction of dismissal).

**9.** *See generally Rogal v. American Broadcasting Co., Inc.,* 74 F.3d 40 (3d Cir.1996).

**10.** *Id.*

**11.** *See generally* Federal Rules of Evidence.

**12.** *Id.*

**13.** Spoliation, under New Jersey law, contemplates violation of a party's duty to preserve evidence where there is "(1) pending or probable litigation involving the defendants; (2) knowledge by the plaintiff of the existence or likelihood of litigation; (3) foreseeability of harm to the defendants, or in other words, discarding the evidence would be prejudicial to the defendants; and (4) evidence relevant to the litigation." *Hirsch v. General Motors Corp.,* 266 N.J.Super. 222, 250, 628 A.2d 1108 (Law Div.1993) (treating of spoliation generally). *See also PBA Local No. 38 v. Woodbridge Police Dep't,* 832 F.Supp. 808, 833 n. 25 (D.N.J.1993); *Viviano v. C.B.S., Inc.,* 251 N.J.Super. 113, 597 A.2d 543 (App.Div. 1991), *certif. denied,* 127 N.J. 565, 606 A.2d 375 (1992).

**14.** The Court has decided the matter on the papers, without oral argument, pursuant to Fed.R.Civ.P. 78.

In this case the issue has arisen, though sadly,
Because defendants contend they've been treated so badly;
And seek all these sanctions in retaliation
For plaintiff's allegedly planned spoliation.[15]

The Court, on this record, cannot properly find
That plaintiff and Mesis were each of a mind
To destroy the recorded detections, though gone,
Which in Mesis' affidavits in essence live on.

That Mesis shall testify, the Court does not doubt
And the truth, by the jury, shall be fully made out.
The jury will know if there's something to hide;
Accordingly, motion for sanctions DENIED.

So, on with the case, although <u>sans</u> the recorder;
Attached can be found an appropriate Order.

---

## ORDER

THIS MATTER comes before the Court on defendants' motion to dismiss and/or for sanctions for plaintiff's failure to preserve certain cassette recordings allegedly pivotal to defendants' defenses; and the Court having fully reviewed the parties' submissions and having decided the matter on the papers without oral argument pursuant to Fed. R.Civ.P. 78; and for good cause shown as set forth in the accompanying Opinion;

IT IS on this 15th day of August, 1996,

ORDERED that defendants' motion be and the same hereby is DENIED.

**15.** *See Fox v. Mercedes–Benz Credit Corp.,* 281 N.J.Super. 476, 482, 658 A.2d 732 (App.Div. 1995) (concealment or destruction of evidence must be intentional for spoliation to be found) (citing *Viviano, supra,* 251 N.J.Super. 113, 597 A.2d 543).