THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL DURHAM, Defendant-Appellant.

Fourth District   No. 4—08—0448

Opinion filed June 25, 2009.

Michael J. Pelletier, Gary R. Peterson, and Janieen R. Tarrance, all of State Appellate Defender's Office, of Springfield, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Patrick Delfino, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

Following an April 2008 bench trial, the trial court convicted defendant, Daniel Durham, of failure to (1) notify the owner of property defendant had damaged in a motor vehicle accident (625 ILCS 5/11—404 (West 2006)) and (2) reduce speed to avoid an accident (625 ILCS 5/11—601 (West 2006)). In June 2008, the court sentenced defendant to 24 months of court supervision and ordered him to pay various fines and fees.

Defendant appeals, arguing that this court should remand this case to the trial court (1) for a determination of the number of days defendant spent in custody awaiting sentencing and (2) to award $5-a-day sentence credit for that time pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110—14 (West 2006)). We disagree and affirm.

## I. BACKGROUND

Initially, we point out that the record before us on appeal contains only the following background, which is uncertain with regard to this case's procedural history.

In June 2007, a deputy sheriff issued defendant citations for failing to (1) notify the owner of a trailer defendant had damaged in a motor vehicle accident; (2) reduce his speed to avoid an accident; and (3) report the accident to police in violation of sections 11—404, 11—601, and 11—407, respectively, of the Illinois Vehicle Code (625 ILCS 5/11—404, 11—601, 11—407 (West 2006)). Each citation required defendant to appear in McLean County circuit court for a July 24, 2007, hearing, but he failed to do so. The trial court thereafter issued a warrant for defendant's arrest, which it later recalled.

At an August 2007 hearing, (1) defendant appeared before the trial court and (2) the court (a) found probable cause to detain defendant and (b) remanded him to the custody of the sheriff. However, the record does not indicate whether defendant was in fact detained by the sheriff at that time. That defendant was released at some point may be inferred from the docket entry stating that on

March 11, 2008, the court issued a second warrant for defendant's arrest for failing to appear. What transpired between the time the court issued the second warrant and defendant either turned himself in or was arrested is unclear from the record. Nonetheless, the record shows that on March 24, 2008, defendant appeared in court pursuant to the second warrant and posted bond.

Following an April 30, 2008, bench trial, the trial court convicted defendant of failure to (1) notify the owner of property defendant had damaged in a motor vehicle accident (625 ILCS 5/11—404 (West 2006)) and (2) reduce speed to avoid an accident (625 ILCS 5/11—601 (West 2006)). The docket entry from the date of trial reads, in pertinent part, as follows:

> "[Defendant] found guilty on [counts] I [and] II; cause out for sentencing 6/3/08 [at] 1:30 p.m. ATTN—[defendant] admonished to sentencing *in abstentia* [*sic*]."

In June 2008, the court sentenced defendant to 24 months of court supervision and ordered him to pay various fines and fees, with the fines totaling $300.

This appeal followed.

## II. DEFENDANT'S CLAIM THAT THIS COURT SHOULD REMAND THIS CASE TO THE TRIAL COURT

On appeal, defendant argues only that this court should remand this case to the trial court (1) for a determination of the number of days defendant spent in custody awaiting sentencing and (2) to award him $5-a-day sentence credit for that time under section 110—14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110—14 (West 2006) ("Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated")). We decline defendant's request.

The burden to present a record to support defendant's claim falls upon him as the appellant. *People v. Deleon*, 227 Ill. 2d 322, 342, 882 N.E.2d 999, 1010 (2008). Here, the record shows that defendant may have been in custody at some point although just how long is unclear. Based upon the docket entries, we cannot be certain that defendant was ever in custody while awaiting sentencing. Assuming defendant was in custody on these charges for one or more days, he requests that we remand this case to the trial court for resolution of the *only* issue this case presents—namely, how much credit is defendant entitled to—$10, $15, or some other amount?

Litigation like this brings the judicial system into disrepute. Rational citizens (not connected to the law) would deem this appeal an

utter waste of time and resources for all concerned. The time and money already spent bringing this appeal amounts to squandered resources. We will not be part of further squandering.

The maxim *de minimis non curat lex* ("The law does not concern itself with trifles" (Black's Law Dictionary 443 (7th ed. 1999))) retains force in Illinois and is wholly applicable in this case. This maxim applies even to constitutional claims, and its function is to place outside the scope of legal relief the sorts of "injuries" that are so small that they " 'must be accepted as the price of living in society rather than made a federal case out of.' " *Pacini v. Regopoulos*, 281 Ill. App. 3d 274, 280, 665 N.E.2d 493, 497-98 (1996), quoting *Swick v. City of Chicago*, 11 F.3d 85, 87 (7th Cir. 1993).

Here, the amount of credit defendant might be due under section 110—14 of the Code of Criminal Procedure of 1963—if any at all—is so insignificant that no one paid any attention to the matter at the trial level.

We are aware of the supreme court's decision in *People v. Woodard*, 175 Ill. 2d 435, 457, 677 N.E.2d 935, 945-46 (1997), holding that a defendant does not forfeit the $5-a-day credit by failing to request it in the trial court. However, even if *de minimis non curat lex* did not apply in this case, we do not read *Woodard* to require remand for a hearing to determine whether (1) the defendant was in custody and, if so, (2) how many days he was in custody. We note that the supreme court in *Woodard* affirmed the appellate court's *modification* of the trial court's judgment that allowed on appeal a *per diem* credit pursuant to section 110—14 of the Code of Criminal Procedure of 1963. *Woodard*, 175 Ill. 2d at 457-58, 677 N.E.2d at 946. Indeed, we have not found—and defendant has not cited—any decision in which an Illinois court has remanded a case for a hearing on the number of days a defendant was in custody or incarcerated so as to determine how much *per diem* credit the defendant should have credited against any fine imposed upon him. We will not be the first court to do so.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

TURNER and POPE, JJ., concur.