[Cite as *Lathan v. Ohio State Corr. Reception Ctr.*, 2016-Ohio-3348.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Darek Lathan, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 16AP-54 |
| v. | : | (C.P.C. No. 15CV-9185) |
| Ohio State Correction Reception Center et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on June 9, 2016

**On brief:** *Darek Lathan*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Mindy Worly*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Darek Lathan, appeals an order of the Franklin County Court of Common Pleas, entered on January 7, 2016, dismissing his complaint regarding prison conditions. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 15, 2015, Lathan filed a complaint against "THE STATE OF OHIO/CORR.RECEP CENTER OFFICER SPITLER." (Oct. 15, 2015 Compl.) Although Lathan did not explain in his complaint whether the defendant in the action was the State of Ohio, the prison, the prison guard (Officer Spitler), or some combination of two or all three, a case filing information summary sheet submitted contemporaneously with the complaint listed the following defendants: (1) State of Ohio; (2) Correction Reception

No. 16AP-54

Center ("ODRC"); (3) Officer Dawson; (4) Officer Datillon; (5) Officer Noble; and (6) Officer Spitler/Sergeant Colley. (Oct. 15, 2015 Civil Case Filing Information Sheet.)[1]

{¶ 3} According to the complaint, Lathan was waiting in a queue at the ODRC facility to use the phone during recreation period when he felt sudden bowel distress due to a bout of diarrhea he had been experiencing. Lathan alleges that this diarrhea was caused by the cold temperature of the water in the prison showers. He asked a nearby officer, Spitler, if he could use one of the restrooms located in the common areas of the unit rather than the toilet in his cell and explained his situation. Spitler said that such restrooms were not for inmates to use, that Lathan was free to return to his cell to use the restroom but, if he did, Officer Spitler would not be returning to let him out again for recreation period.

{¶ 4} Lathan therefore elected to stay in line and within ten minutes relieved his bowels while wearing his pants. Whereupon Lathan left the line, washed out his clothing in the shower, re-dressed, and returned to the line. After he returned to the line, other inmates made jest of his accident. Lathan alleged an Eighth Amendment violation as well as "Harrassment, embarrassment, riddiculing, emotional stress, personal injuries Including, but not limited to, loss of enjoyment of life, physicalstress, fear of retaliation, food tampering, unsafe housing, false conduct reports, Loss of rec, phone call, legal research, mail tampering, placed in segragation purpose delay to parent institution, intentional infliction of emotional stress." (Sic passim.) (Oct. 15, 2015 Compl. at ¶ 25.) For his alleged injuries, Lathan sought compensatory damages of an amount greater than $1,000,000 and punitive damages also in an amount greater than $1,000,000.

{¶ 5} Initially no answer or appearance was filed by the defendants and Lathan filed a motion for default. However, on December 4, 2015, the Ohio Attorney General's Office filed a motion for leave to file a motion to dismiss explaining that although service had been made on each of the named officers,[2] it had not received notice of the case. On December 7, 2015, the trial court granted the motion for leave and denied Lathan's motion for default judgment. Shortly thereafter Lathan filed a motion for summary

---

[1] Apparently there is no such person as Officer Noble. Officers Dawson, Datillon, and Sgt. Colley were evidently sued in other cases by Lathan. *See* Dec. 4, 2015 Def. Mot. for Leave to File at 3.
[2] Other than Officer Noble who does not exist.

No. 16AP-54

judgment to which he attached an affidavit and copies of two complaints he apparently filed while imprisoned regarding matters not addressed in the complaint.

{¶ 6} On January 7, 2016, the trial court dismissed Lathan's complaint with prejudice and denied as moot all of Lathan's remaining pending motions. The trial court did so in rhyme:

> Cold showers caused his bowels to malfunction
> Or so the plaintiff claims
> A strict uncaring prison guard
> Is whom the plaintiff blames.
>
> While in line for recreation
> And little time for hesitation
> His anal sphincter just exploded
> The plaintiff's britches quickly loaded.
>
> It made the inmates laugh and play
> To see the plaintiff's pants this way
> The foul, unsightly, putrid mess
> Caused the plaintiff major stress.
>
> Claiming loss and shame to boot
> The plaintiff filed the present suit
> But the law provideth no relief
> For such unmitigated grief.
>
> Neither runs nor constipation
> Can justify this litigation
> Whether bowels constrict or flex
> De minimis non curat lex.

(Jan 7, 2016 Decision and Entry Granting Defs. Mot. to Dismiss.)

{¶ 7} Lathan now timely appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Lathan asserts ten assignments of error:

> 1. THE TRIAL COURT ERRORED IN ALLOWING DEFENDANTS TO FILE A MOTION WITHOUT SHOWING "EXCUSSABLE NEGLECT"
>
> 2. THE TRIAL COURT ERRORED IN NOT GRANTING PLAINTIFF "DEFAULT JUDGMENT" PURSUANT TO CIVIL RULE 55

No. 16AP-54

3. THE TRIAL COURT ERRORED IN NOT GRANTING PLAINTIFF "SUMMARY JUDGMENT" PURSUANT TO CIVIL RULE 56

4. THE TRIAL COURT ERRORED BY NOT APPLYING "RES JUDA CATA" TO DEFENDANTS MOTION TO ANSWER PLAINTIFF COMPLAINT

5. THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF COMPLAINT WITH A POME AND NO CASE LAW OR FINDINGS OF FACTS AND CONCLUSIONS

6. THE TRIAL COURT ERRORED IN USING "ARBITARY DECISION" TO DISMISS PLAINTIFF COMPLAINT

7. THE TRIAL COURT ERRORED IN NOT COMPLYING WITH CIVIL RULE 12(B)

8. THE TRIAL COURT ERRORED IN NOT COMPLYING WITH CIVIL RULE 8(D)

9. THE TRIAL COURT ERRORED IN NOT COMPLYING TO CIVIL RULE 6(B)(2)

10. THE TRIAL COURT ERRORED IN NOT HOLDING DEFENDANT TO "RESPONDANT SUPERIOR"/"RES IPSA LOQUITUR"

(Sic passim.)

## III. DISCUSSION

{¶ 9} Ohio Appellate Rule 16 requires the appellant's brief to include:

An argument containing the contentions of the appellant *with respect to each assignment of error* presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.

(Emphasis added.) App.R. 16(A)(7). Lathan's brief does not separately argue his assignments of error. Thus, we may and shall disregard them. App.R. 12(A)(2). However, in the interest of providing some closure in this case, we discuss why, for a multitude of reasons, denying default to Lathan and granting the State's motion to dismiss was appropriate.

No. 16AP-54

## A. Failure to State a Claim

{¶ 10} One reason a default becomes appropriate when a defending party fails to answer a complaint is because the party is deemed to have admitted all the allegations not timely denied. Civ.R. 8(D); *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hospital Assn.*, 28 Ohio St.3d 118, 121-22 (1986); *Lopez v. Quezada*, 10th Dist. No. 13AP-389, 2014-Ohio-367, ¶ 12. However, Lathan's complaint essentially pled that he defecated in his pants after choosing to wait in line rather than answer the call of nature in his prison cell and suffered embarrassment as a result. The only involvement of the defendants in this is that Lathan alleges that his bowel malfunction was brought on by cold showers in the prison and that, had he been allowed to use a restroom other than the one in his prison cell, he might not have dithered over whether he would lose his place in line so long that he lost control of his anal sphincter. However, Lathan also pleads that he regained his place in line after showering following the bowel movement. Thus, other than being mocked, even according to the allegations in the complaint, Lathan suffered no harm. Moreover, since the mocking was perpetrated by fellow prisoners and occurred as a result of Lathan's own choice to excrete feces into his trousers rather than leave the line, it is also not clear that there is a causal link between the alleged injury to his dignity and any act or omission by the guard, prison, or State. In short, this fact situation does not disclose a constitutional violation of any kind and is not a cause of action recognized in the law. Even if the defendants admitted the truth of all those allegations, default would not have been appropriate, because no conceivable cause of action existed in Lathan's complaint for which any court could provide relief. For this same reason, dismissal for failure to state a claim was appropriate. *See* Civ.R. 12(B)(6); *Estate of Ridley v. Hamilton Cnty. Bd. of Mental Retardation & Dev. Disabilities*, 102 Ohio St.3d 230, 2004-Ohio-2629, ¶ 13.

{¶ 11} The trial court stated it another way: "De minimis non curat lex." (Jan. 7, 2016 Decision and Entry Granting Defs Mot. to Dismiss.); *Decastro v. Wellston City School Dist. Bd. of Edn.*, 94 Ohio St.3d 197, 199-200 (2002). This maxim can be restated as, "the law does not concern itself with trifles." The maxim's function is "to place outside the scope of legal relief the sorts of 'injuries' that are so small that they ' "must be accepted as the price of living in society rather than made a federal case out of." ' " *People v. Durham*, 391 Ill.App.3d 1100, 1103 (2009), quoting *Pacini v. Regopoulos*, 281 Ill.App.3d

No. 16AP-54

274, 280 (1996), quoting *Swick v. Chicago*, 11 F.3d 85, 87 (7th Cir.1993). We have previously applied this maxim in our review of trial court cases. *Gahanna v. Cameron*, 10th Dist. No. 02AP-255, 2002-Ohio-6959, ¶ 43.

### B. Consequences of Having Sued the State

{¶ 12} It is unclear from Lathan's pleadings just whom he intended to sue. It appears he intended to sue the State of Ohio, perhaps directly and through its agents and employees. Thus, default would not have been appropriate under Civ.R. 55(D) without Lathan having first "establish[ed] his claim or right to relief by evidence satisfactory to the court," which Lathan showed no attempt to do. Civ.R. 55(D).

{¶ 13} Moreover, Lathan sued in the Franklin County Court of Common Pleas rather than the Court of Claims of Ohio (which has exclusive and original jurisdiction over claims against the State of Ohio). R.C. 2743.03(A)(1); R.C. 2743.02(F); R.C. 9.86. Thus, it is not even clear that Lathan sued in the correct court or followed the necessary procedures to avoid his claim(s) being thwarted by the operation of sovereign immunity.

### C. Consequences of Suing Based on Prison Conditions as a Prisoner

{¶ 14} Ohio Revised Code 2969.25 and 2969.26 provide certain requirements that an inmate commencing a civil action must observe. For example, an inmate must "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). While compliance with this requirement is not necessary if no such litigation has been filed, Lathan has prior involvement in the courts. *See, e.g.*, *Lathan v. Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-710, 2012-Ohio-1220, ¶ 3 (discussing action filed by Lathan against a corrections officer in May 2011); *see also State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695. Non-compliance with R.C. 2969.25 and 2969.26 may serve as a ground for dismissal. *State ex rel. Thompkins v. Cocroft*, 10th Dist. No. 12AP-700 (Dec. 28, 2012); *Brown v. Ohio Adult Parole Auth.*, 10th Dist. No. 09AP-797, 2010-Ohio-872, ¶ 9-11. Though Lathan filed an exhibit referencing R.C. 2969.25, no R.C. 2969.25 affidavit accompanied the complaint.

{¶ 15} In addition, to the extent references to the Eighth Amendment in Lathan's complaint may purport to represent a federal claim, Lathan would have been required to meet the requirements of the Prison Litigation Reform Act ("PLRA") for such a claim if it existed to move forward. *See* 42 U.S.C. 1997e (a, e).

No. 16AP-54

{¶ 16}  Lathan has made no attempt to comply with PLRA and has failed to comply with R.C. 2969.25 and 2969.26.

### D.  The Propriety of Dismissing Lathan's Suit in Rhyme

{¶ 17}  The trial court's reliance on de minimis non curat lex was appropriate.  The complaint's lack of substance left it little choice but to apply the maxim.  Further, neither case law nor rules prevent a court from delivering its decision in rhyme, especially when it occurs with the unconventional precision of the trial court's decision.[3]

{¶ 18}  We find no error in the trial court's delivering its decision in poetic format.

## IV.  CONCLUSION

{¶ 19}  We, therefore, and for the reasons expressed herein, overrule all of Lathan's ten assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

———————————

---

[3] **Examples of poetry in case law are numerous.**  *See, e.g., United States v. Batson*, 782 F.2d 1307, 1309 (5th Cir.1989); *Joe Hand Promotions v. Sports Page Cafe*, 940 F.Supp. 102, 102-05 (D.N.J.1996); *In re Love*, 61 B.R. 558, 558-59 (S.D.Fl.1986); *United States v. One 1976 Ford F-150 Pick-Up*, 599 F.Supp. 818, 818-19 (E.D.Mo.1984); *Irvin v. Smith*, 71 Ohio Misc.2d 18, 19-22 (C.P.1993); *Fisher v. Lowe*, 122 Mich.App.418, 419 (Mich.1983).